Thomas P. Parley, J.
Motion to remove and consolidate an action pending in the Nassau County District Court with an action pending in Supreme Court, Nassau County. Cross motion to dismiss the third cause of action of the complaint in the Supreme Court action on the grounds there is another action pending, i.e., the District Court action, in which the same issues can be determined.
. The District Court action is for moneys due under an employment agreement; the third cause of action in the Supreme Court action seeks a judgment declaring the employment agreement to be illegal and void.
*671 In opposition to the consolidation, Chassen (the plaintiff in the District Court action; the defendant here) states that the District Court action is on the Trial Calendar about to be reached for trial, whereas the Supreme Court action has just commenced. He contends that substantial prejudice to him will result if this motion is granted, citing Halpern v. Rodway (3 A D 2d 941).
On the other hand, the movant, in addition to pointing out that the remedy of declaratory judgment is not available to it in the District Court action, has offered to waive its right to a jury trial in a consolidated action in this court and, further, to post security to indemnify Chassen for the full amount of his claim in the District Court action.
In view of the interrelated issues involved as between the suit to enforce payment under the employment contract in the lower court and an action to declare its invalidity in this court, consolidation will not only effect a saying of time, trouble and expense to the parties, but will be a preventative of the injustice which might result from divergent decisions in each separate case (Lorch v. Lorch, 7 A D 2d 641; Geller v. Ticktin, 6 Misc 2d 16).
In support of the cross motion, Chassen contends that all issues with respect to the illegality of the employment contract have been pleaded as affirmative defenses in the District Court action and, therefore, in the exercise of the court’s discretion, the declaratory judgment action should not be entertained.
While the courts have on occasion declined to entertain jurisdiction in a declaratory judgment action where the same issues will be disposed of in another pending action (Storer v. Ripley, 283 App. Div. 973), the circumstances here call for a contrary ruling. The action in the District Court is for only the first . four months ’ salary allegedly due on the employment contract which has a five-year duration. Obviously, the remedy of declaratory judgment is far more appropriate to determine the issues with respect to the validity of the contract than piecemeal litigation in the District Court.
Accordingly, the motion is granted and the cross motion denied. Settle order which shall provide for the posting of security and waiver of jury trial by Dilbert’s as offered.
(Reargument, January 29, 1962.)
Motion for leave to reargue a motion for consolidation granted and, upon such reargument, the original determination is adhered to except that if the defendant Chassen insists upon a jury trial of any of the law causes of action to which his jury rights have *672 not been waived, the order to be entered herein may provide that such causes be tried separately in this court prior to the trial of the plaintiff’s equitable action and that the equity action then proceed before the same Justice hearing the jury issues (see Gitter v. Schiff, 20 Misc 2d 610; Shlansky & Bro. v. Grossman, 273 App. Div. 544). Consolidation was granted on the condition that the plaintiff (Dilbert’s) make good its offers to post security for the full amount involved in the District Court action, a procedure followed in Gordon v. Lifschitz (10 A D 2d 669) and waive its right to a jury trial. In all other respects, the motion is denied.