■ BEVERLY GINDI, Appellant, v. ELI GINDI, Respondent. (Action No. 1.) BEVERLY GINDI, Appellant, v. ELI GINDI et al., Respondents. (Action No. 2.) — Appeals by plaintiff from three orders of the Supreme Court, Queens County, as follows: (1) from one dated November 13, 1973 and made in Action No. 1 (for divorce), which denied her motion for a pretrial examination of the defendant husband; (2) from one dated December 10, 1973 and made in Action No. 2 (*inter alia* to impress a trust on certain bank accounts), which denied her motion to vacate her default in appearing for trial; and (3) as limited by her briefs, from so much of the third order, dated November 21, 1973, as denied her motion to consolidate these two actions and also a third action. The last-mentioned order consolidated Action No. 2 with said third action. Order dated November 13, 1973 affirmed and order dated November 21, 1973 affirmed insofar as appealed from, without costs. Order dated December 10, 1973 reversed, without costs, motion granted and Action No. 2 ordered restored to the Trial Calendar. On the court's own motion, a joint trial of Action No. 1 and Action No. 2 (as consolidated with the third action) is hereby ordered. Upon the circumstances of this case it was an improvident exercise of discretion for Special Term to deny plaintiff's motion to vacate her default in appearing for trial (*Benn* v. *Baltimore & Ohio R. R. Co.*, 286 App. Div. 992). The affidavits of actual engagement submitted by her counsel provided a sufficient excuse for his nonappearance and were not controverted by any legally cognizable evidence to show that he was not actually engaged as claimed. We agree with Specal Term that Actions No. 1 and No. 2 do not share common questions of law and fact which would permit them to be consolidated under

CPLR 602 (subd. [a]). However, it now appears that no prejudicial delay would result from a joint trial, which does not require the existence of common questions of law and fact (*Thayer* v. *Collett,* 41 A D 2d 581). The interests of justice and judicial economy require that in this instance all issues between the parties be resolved as expeditiously as possible in one forum. There should be no further delay in the disposition of this case. Unless there are exceptional circumstances, all disputes between the spouses, whether of matrimonial character or not, should be decided upon the trial. Accordingly, an immediate joint trial of Actions No. 1 and No. 2 is directed. Gulotta, P. J., Hopkins, Shapiro and Cohalan, JJ., concur; Munder, J., concurs in the affirmance as to the orders of November 13, 1973 and November 21, 1973, but otherwise dissents and votes to affirm the order of December 10, 1973.