■ WILLIAM S. MAIGUR, Respondent, v SARATOGIAN, INC., Respondent. (Action No. 1.) ROBERT VAN PATTEN, Appellant, v WILLIAM S. MAIGUR, Respondent. (Action No. 2.) COUNTRY CLUB ACRES, INC., Appellant, v WILLIAM S. MAIGUR, Respondent. (Action No. 3.) COUNTRY CLUB ACRES, INC., Appellant, v WILLIAM S. MAIGUR, Respondent. (Action No. 4.)—Appeal from an order of the Supreme Court at Special Term, entered August 5, 1974 in Saratoga County, which granted consolidation, and denied a cross motion seeking a severance of certain counterclaims. The order of Special Term consolidating these four actions and denying the motion for severance of the defamation action should be affirmed. Special Term examined the pleadings and concluded there were common questions of law or facts in the causes of

action set forth in the complaints and counterclaims which justified consolidation (CPLR 602). The power to order pending actions consolidated has always rested in the sound discretion of the court. Having such power, the only question to be determined is whether Special Term abused its discretion in making the order of consolidation *(Brink's Express Co. v Burns,* 230 App Div 559). The present trend of the cases favors easier consolidation (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 602.03). If there exist common questions of law or fact, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right. The burden of showing prejudice to a substantial right rests upon the party opposing a motion for consolidation *(Matter of Vigo SS Corp. [Marship Corp. of Monrovia],* 26 NY2d 157; 2 Weinstein-Korn-Miller, N.Y. Civ. Prac., par 602.09). The four actions which were consolidated all involved the relationship of the plaintiff Robert Van Patten and his corporation Country Club Acres, Inc., in an attempt to establish a medical clinic in Van Patten's real estate development. It is usually sufficient if evidence admissible in one action is admissible or relevant in the other. Perhaps the correct approach is " 'May the matters conveniently be tried together' " (43 Cornell L 709, 711). The Special Term Justice who is constantly trying cases and is in a better position to judge trial convenience discovered no impediment. His determination cannot be considered an abuse of discretion. It is possible that some causes of action may be eliminated after pretrial examination and hearings and possible subsequent motion for summary judgment. At the actual trial if the Trial Justice finds that the surviving actions cannot be conveniently tried together, he may order the trial of one or more causes of action or issues prior to the trial of the other (CPLR 603). Order affirmed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.