■ JAMES TALCOTT, INC., Respondent, v FONDA MANUFACTURING CORPO-

RATION, Appellant. (Action No. 1.) CONCORD FABRICS, INC., Respondent, v FONDA MANUFACTURING CORPORATION, Appellant. (Action No. 2.)—Order, Supreme court, New York County entered on or about October 20, 1975 granting the motion of plaintiff in Action No. 2 for a severance and directing that Action No. 1 proceed to trial, unanimously reversed, on the law and the facts, the severance denied and the actions directed to proceed to a joint trial. Appellant shall recover of respondent in Action No. 2 $40 costs and disbursements of this appeal. These individual actions were commenced against the defendant by plaintiff in Action No. 1 to recover for the alleged value of work, labor and services and by the plaintiff in Action No. 2 to recover damages for misdelivery, inability to deliver and for delivery of defective goods. In 1972, over the objection of plaintiffs in both actions, an order was entered granting defendant's motion for a joint trial. Almost three years thereafter a motion by plaintiff in Action No. 1 for a severance was denied. On the eve of trial, following the completion of all pretrial proceedings, the plaintiff in Action No. 2 successfully obtained such severance. This appeal followed. Trial Term's determination granting the severance and directing Action No. 1 to proceed to trial was predicated in the main on the theory that since pretrial proceedings in Action No. 2 had not been completed, plaintiff therein could suffer substantial prejudice. However, we note that two months prior to the order appealed from herein, a stipulation was signed by the parties wherein it is asserted that all pretrial discovery proceedings have now been completed in Action No. 2. We find that defendant has amply demonstrated that there are common issues among all the parties which involve related transactions entitling it to a joint trial of these actions. There was an insufficient showing to supersede the aforesaid prior orders directing a joint trial. (See *Maigur v Saratogian, Inc.,* 47 AD2d 982, 983; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.03.) Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.