## (April 23, 1976)

■ MILDRED CIPOLLINA, as Administratrix of the Estate of CARL R. MAXSON, Deceased, Respondent, v DAVID M. KENT et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendants. (Action No. 1.) MILDRED CIPOLLINA, as Administratrix of the Estate of CARL R. MAXSON, Deceased, Plaintiff, v ST. CHARLES HOSPITAL et al., Respondents. (Action No. 5.)—Appeal by defendants in Action No. 1 from an order of the Supreme Court, Suffolk County, dated September 23, 1975, which denied their motion for a joint trial of Action No. 5 with Actions No. 1 through 4, which actions had previously been joined for trial. Order affirmed, without costs or disbursements, on the memorandum of Mr. Justice Scileppi at Special Term (cf. *Gindi v Gindi,* 46 AD2d 650; *Thayer v Collett,* 41 AD2d 581). Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.

■ MILDRED CIPOLLINA, as Administratrix of the Estate of CARL R. MAXSON, Deceased, Plaintiff, v DAVID M. KENT et al., Defendants and Third-Party Plaintiffs-Appellants. ST. CHARLES HOSPITAL et al., Third-Party Defendants-Respondents. (Action No. 1.) (And Four Other Actions.)—Appeal from an order of the Supreme Court, Suffolk County, dated February 9, 1976, which, upon the cross motion of third-party defendant Russell in Action No. 1, which was joined in by third-party defendant St. Charles Hospital, dismissed the third-party complaint for failure to state a cause of action. Order modified, on the law and in the exercise of discretion in the interest of justice, by adding the words "without prejudice" to the end of the decretal paragraph thereof. As so modified order affirmed, without costs or disbursements. No fact findings were presented for review. In our opinion the third-party complaint states a valid cause of action for partial indemnification from the subsequent tort-feasors (see *Musco v Conte,* 22 AD2d 121). However, in view of the tardiness of the commencement of the third-party action and the resultant delay, confusion and prejudice it will engender in the main action, and those joined for trial therewith, it is the judgment of this court that the action should have been dismissed without prejudice pursuant to CPLR 1010 (see *Henderson v Wein Hardware Co.,* 51 AD2d 696; *Todd v Gull Contr. Co.,* 22 AD2d 904; see, also, *Cipollina v Kent,* 52 AD2d 632). Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.