■ In the Matter of City of Rochester, Respondent, v Isadore B Levin, Appellant. (And Another Proceeding.)—Order unanimously reversed, without costs, and motion granted. Memorandum: In 1970 petitioner, City of Rochester, instituted condemnation proceedings against many parcels of land in the southeast area of its downtown section. Respondent is owner of two of those parcels. They were contiguous except for an alley, owned by the city, which ran between them. Respondent moved for an order under CPLR 602 (subd [a]) directing joint trial of the issues of his damages for the taking of these two parcels. He appeals from the order of Special Term which

denied his motion upon the grounds that they were separated by a dedicated alley and that there are different issues of fact to be resolved upon the trial of respondent's claims for damages. On the argument before us the city urged that convenience and expense of witnesses were important considerations in its opposition to joint trial. In addition, it argued that it is ready to try one case but not the other. This latter argument, however, loses something by the city's offer to accommodate respondent by trying the two cases consecutively instead of jointly. Moreover, the city's argument that because the alley separated respondent's two parcels they could not be deemed to have a common use, and that it is improper to evaluate them on such a basis, goes to the merits of the claim and not to the procedural issue before us as to whether there should be a joint trial. A deduction to be drawn from some of these arguments is that the city's opposition to the joint trial is founded in its endeavor to block respondent's effort to prove potential common use of the two parcels to enhance their value. If the properties may not be found to have a potential for common use, evidence of such potential should not be considered in fixing their value, whether the trial is joint or separate; and so that should not be considered on the issue in this appeal. Where feasible, joint trials should be had to reduce the costs of litigation, make more economical use of court time and speed the disposition of cases (see *Matter of Allen v Rizzardi,* 5 NY2d 493, 499–500; *860 Executive Towers v Board of Assessors of County of Nassau,* 75 Misc 2d 381, 382, affd 43 AD2d 910; 3 Carmody-Wait 2d, NY Prac, § 17.1; 2 Weinstein-Korn-Miller, NY Civ Prac, pars 602.03, 602.17). The facts that these two parcels are owned by one person who asserts that they have a common use, that their condemnation was begun by one petition, that some common questions of fact exist with respect to them, bearing upon their value, and that this litigation can be handled more economically for respondent by joint trial, and that the city has not argued that a joint trial will prejudice a substantial right, seem sufficient reasons to grant respondent's motion *(Matter of Vigo S.S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, 161–162; *Maigur v Saratogian, Inc.,* 47 AD2d 982, 983; *Gindi v Gindi,* 46 AD2d 650; *Thayer v Collett,* 41 AD2d 581; *Dasheff v Bath & Tennis Club of Westhampton,* 25 Misc 2d 13, 15; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.02). Evidentiary rulings and substantive principles of law should not differ because of a joint trial and should not give either party substantive advantage over the other. Rather, a joint trial will tend to assure more uniform consideration and determination of the issues in the two cases *(Lorch v Lorch,* 7 AD2d 641; *Dilbert's Quality Supermarkets v Chassen,* 32 Misc 2d 670, 671). (Appeal from order of Monroe Supreme Court—joint trial.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.