■ Mitchell T. Williams et al., Plaintiffs, v Joseph R. Mascitti, Defendant. (Action No. 1.) Theron Robinson et al., Doing Business as Robinson, Williams & Angeloff, Respondents, v Joseph R. Mascitti et al., Appellants. (Action No. 2.)—Orders unanimously reversed, without costs, and motion granted. Memorandum: It was an improvident exercise of discretion for Special Term to deny a joint trial or to condition its approval thereof upon stipulation that defendants waive a jury. The pleadings disclose a commonality of context from which both actions emanate. While a lengthy prejudicial delay resulting from joinder would require denial of the motion, plaintiffs have failed to show delay which would prejudice a substantial right of defendants. The burden of showing that joinder will prejudice a substantial right rests upon the party opposing the motion *(146 North Salina St. v Unigard Jamestown Mut. Ins. Co.,* 54 AD2d 1129). Absent such a showing, the existence of common questions of law or fact justify the grant of a motion for joint trial (CPLR 602, subd [a]; *Wilhelmsen v Bolan Sales,* 54 AD2d 615). Where feasible, joint trial should be had to reduce the cost of litigation, make more economical use of court time, and speed the

disposition of cases *(Matter of City of Rochester v Levin,* 57 AD2d 700). Since it appears that there are common questions of fact as to the conduct of parties in an attorney-client and business relationship, a joint trial is appropriate *(L. G. J. K. Realty Corp. v Drimer,* 48 AD2d 670). (Appeal from orders of Monroe Supreme Court—joint trial.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.