## (February 4, 1981)

■ In the Matter of ASSOCIATED INDUSTRIES OF NEW YORK STATE, INC., as Settlor under an Agreement and Declaration of Trust of December 31, 1957,

Respondent, v JAMES F. MURRAY et al., as Trustees, Appellants. — Appeals (1) from an order of the Supreme Court at Special Term, entered August 27, 1980 in Albany County, which denied respondents' motion for a preliminary injunction and other ancillary relief, and (2) from an order and judgment of said court, entered September 26, 1980 in Albany County, which granted petitioner's motion declaring null and void a restated agreement and declaration of trust dated May 11, 1979, directed respondents to render an account, and denied respondents' cross motion for summary judgment dismissing the petition. Petitioner, Associated Industries of New York State, Inc. (Association), is a not-for-profit corporation which was incorporated in January, 1920. On December 31, 1957, it executed an "Agreement and Declaration of Trust" with three named trustees for the purpose of providing group life and accident insurance coverage under blanket policies to its members and their employees. Respondents are the present trustees of the trust. Pursuant to the original trust agreement, the Association as settlor had the authority to remove any trustee without cause. The agreement also provided for the appointment of successor trustees by the Association and conferred upon the trustees the power to "amend the Trust at any time to such extent as they deem necessary or advisable." The agreement, as amended, further provided for the termination of the trust on December 31, 1992 or at any time before then by action of the Association. On May 11, 1979, respondents, purportedly acting under the power conferred upon them by the original trust agreement, unilaterally adopted a "Restated Agreement and Declaration of Trust". The "restated agreement" differs substantially in many respects from the original. It provides for removal of a trustee only for cause and by two-thirds vote of the employers participating in the Association; for the appointment of successor trustees by the remaining trustees; and for termination of the trust on December 31, 1992 or before by action of the trustees. Respondents determined not to activate the "restated agreement" until such time as it was felt necessary to preserve the integrity of the trust. This symbiotic relationship continued until the Association and the Empire State Chamber of Commerce proposed a merger. The proposed bylaws of the new corporation, now named the Business Council of New York State, Inc., provided that the president and chairman of the new corporation were to be ex officio voting members of the trust. Upon learning of the merger, respondents notified the Association of the effectuation of the "restated agreement". Respondents allege that the Association thereafter ceased approving applications by employers for membership with it and declared the "restated agreement" to be a nullity. The instant proceeding pursuant to CPLR article 77 was brought seeking a declaration that the "restated agreement and declaration of trust" is null and void and a direction that the trustees render an accounting under the original trust agreement. Respondents cross-moved for summary judgment in their favor and for a preliminary injunction directing the Association to process membership applications. They also sought to restrain petitioner from removing and replacing them as trustees and adding new trustees. The latter request was denied by Special Term by order entered August 27, 1980. By order entered September 26, 1980, Special Term granted petitioner's original motion for judgment and denied respondents' cross motion. The instant appeal ensued and this court granted a stay pending the appeal. The parties derive their powers and authority to act from the original agreement. A reading of this instrument demonstrates that by clear and unambiguous language the respondents were empowered to amend the trust "at any time to such extent as they deem necessary or advisable". Consequently, a unilateral amend-

ment of the trust by the trustees was permissible (10 NY Jur, Contracts, § 403). To ascertain the scope and extent of the amendment power, however, we must examine the language and terms of the whole instrument. Since it was the settlor that created the trust, we must examine all the language of the instrument to discern the intention of the settlor at the time of the execution of the trust *(Matter of Day,* 10 AD2d 220, 222-223). While the original agreement does give the trustees the power to amend, it also expressly reserves substantial powers to the settlor. The settlor reserved the power to remove any trust at any time without cause, to appoint successor trustees and to terminate the trust at any time. The agreement further allocated to both the settlor and trustees the powers of approval of employers who sought participation in the trust. A fair reading of the instrument in its entirety reveals that the scheme of power distribution between settlor and trustees was one of checks and balances. By the language of the complete instrument and particularly the express reservation of power, it is clear to us that the settlor, the creator of the trust, did not intend that it be divested of such control by the unilateral action of the trustees (cf. *Matter of Woodward,* 284 App Div 459, mot for lv to app den 284 App Div 838). Respondents also argue that their actions were necessary to protect and preserve the trust property from perceived threatened attack by the president of the Association. We disagree since the original trust agreement prohibits the Association from making any claims on trust property for uses not authorized therein. Consequently, respondents could, by appropriate legal action, seek to enjoin the improper use of these funds. The means adopted by respondents were neither necessary nor proper and thus were correctly deemed null and void by Special Term. We also reject respondents' contention that the by-laws of the new corporation were improper insofar as they amend the trust by adding ex officio voting trustees. While the original trust agreement does not reserve to the settlor the power to amend or modify the trust, it does reserve to the settlor the power to terminate the trust. Such reservation, in our view, includes the power to modify (see *Matter of Dodge,* 25 NY2d 273; Restatement, Trusts 2d, § 331, Comment *g).* Finally, Special Term properly directed respondents to render an account *(Brigham v McCabe,* 27 AD2d 100, affd 20 NY2d 525; 1 NY Jur 2d, Accounts and Accounting, § 30). We have considered all other issues raised by respondents and find them unpersuasive. Order, entered August 27, 1980, and order and judgment, entered September 26, 1980, affirmed, without costs; motion by respondents for various relief pending determination of appeal denied, without costs, as academic; cross motion by petitioner to vacate order of this court, entered November 25, 1980, granted, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.