■ HARBY ASSOCIATES, INC., Respondent, v W. STEVEN SEABOYER et al., Appellants, et al., Defendants. (And 13 Other Actions.) — Appeals (1) from an order of the Supreme Court at Special Term (Harvey, J.), entered February 13, 1981 in Fulton County, which, *inter alia,* ordered that the liability portion of various actions be jointly tried at a bifurcated trial, and (2) from an order of said court (Crangle, J.), entered March 16, 1981 in Fulton County, which, *inter alia,* granted the motion of plaintiff Seven South Main Street, Inc., to join certain causes of action contained in Action No. 2A with those being tried at the previously ordered bifurcated trial. A line of buildings on two intersecting streets in the City of Gloversville was constructed many years ago so that each building was dependent on the others for lateral support. In 1976, the buildings were found to be suffering from mortar deterioration. After one collapsed, the remaining structures were condemned, resulting in the city-ordered demolition of all of them. Thereafter, 10 separate lawsuits by owners of affected parcels were commenced, alleging essentially negligence of the city and its employees in inspection and maintenance and malicious destruction. Two more suits by owners alleged trespass and conversion of personalty. In addition, tenants in the various buildings commenced four separate actions couched in negligence and deprivation of their right to use leased premises. In 1977, certain other suits were also commenced and joined by various orders, which orders are not the subject of the instant appeals. In November, 1977, the defendant city and its codefendant employees moved for an order consolidating seven of the owners' actions and for joint trial of four of the tenants' suits. The individuals comprising the demolition contractor, who were defendants in several actions, cross-moved to consolidate Action No. 6 with the other actions and for a single joint trial of all actions. Special Term (Harvey, J.) ordered the liability portions of five of the suits to be jointly tried in a bifurcated trial, and denied all other relief sought. The defendant city and its employees and the individuals comprising the demolition contractor appealed. During the pendency of the appeal, Seven South Main Street, Inc., owner of one building and plaintiff in Action No. 2A, sought amendment of Special Term's order so as to include Action No. 2A in the joint bifurcated trial on liability with those actions joined in said order. The motion was not referred back to Justice Harvey, but instead was assigned to Justice Crangle who granted the motion over opposition from the city and its codefendant employees. The city and such employees have appealed. The issue presented is whether Special Term erred by joining for trial only certain of the actions and omitting others. We find that those causes of action couched generally in negligence should have been joined.

It was error to omit from joint trial those causes of action in the several suits which share common issues of law or fact (CPLR 602, subd [a]; *Maigur v Saratogian, Inc.,* 47 AD2d 982). Each and every factual and legal issue need not be identical *(Dasheff v Bath & Tennis Club of Westhampton,* 25 Misc 2d 13). A single common issue will suffice in the absence of a showing of prejudice of a substantial right *(Williams v Mascitti,* 71 AD2d 813). Action Nos. 1, 2, 3, 3A and 3D were correctly joined since all are grounded upon alleged wrongdoing by the city and its employees. However, Action Nos. 3B and 3C, although not presenting a common issue of law with the other joined actions, do present similar legal issues of liability and should have been joined under a liberal construction of CPLR 602 to simplify practice *(Bershadsky v Harvilla,* 279 App Div 701). Special Term correctly did not order Action No. 3E joined for trial since it appears no identity of issues exist with the other actions, this action being solely by the owner to recover for the wrongful conversion of an oil tank. Action Nos. 4, 5, 5A and 5B are actions by tenants against parties which allegedly wrongfully caused their eviction and interfered with their businesses. Action Nos. 4 and 5 should have been joined since an independent cause of action by third persons exists against wrongdoers *(Baumann v City of New York,* 227 NY 25), including one for the removal of lateral support *(Austin v Hudson Riv. R.R. Co.,* 25 NY2d 334). However, Action Nos. 5A and 5B are for wrongful authorization to demolish and for conversion of personal property. Since these actions do not sound in negligence, Special Term was correct in refusing to include them in its order of joinder. Action No. 6, in which the defendants sought joinder, is against the demolition contractors for trespass and property damage. Special Term correctly denied joinder. The defendant city and its codefendant employees argue that Special Term erred by ordering joint trial of only the liability issues in Action Nos. 1 and 2. They note that Action Nos. 1 and 2 had been previously joined for trial in their entirety by order of Special Term (Aulisi, J.), dated December 22, 1977, and were in essence, illegally severed by Justice Harvey when he ordered trial of the issues of liability only with Action Nos. 3, 3A and 3D. We reject this argument and hold that Special Term was authorized to make such order *sua sponte* (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C603:1, p 272). Order entered February 13, 1981, modified, on the law and the facts, by adding for a bifurcated joint trial the issues of liability in Action Nos. 4 and 5 with Action Nos. 1, 2, 3, 3A and 3D, and by ordering the liability portions of Action Nos. 3B and 3C jointly tried at a separate bifurcated trial, and, as so modified, affirmed, without costs. Order entered March 16, 1981, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.