■ BUSINESS COUNCIL OF NEW YORK STATE, INC., Respondent, v CHARLES E. COONEY, JR., et al., Appellants. (Action No. 1.) MARIAN E. THOMAS et al.,

Plaintiffs, v ROBERT M. BEST et al., Individually and as Trustees of Business Council of New York State, Inc. Insurance Fund, Defendants and Third-Party Plaintiffs-Respondents. COSTELLO, COONEY & FEARON et al., Third-Party Defendants-Appellants. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered November 10, 1983 in Albany County, which denied a motion by Charles E. Cooney, Jr., and Costello, Cooney & Fearon seeking to have action No. 2 joined for trial with action No. 1 in Albany County. ¶ In action No. 1, commenced December 12, 1980 in Albany County, Business Council of New York State, Inc. (Business Council), a not-for-profit corporation, seeks money damages resulting from alleged legal malpractice of defendants Charles E. Cooney, Jr., and his law firm (collectively referred to as Cooney) which had been legal counsel to Business Council's predecessor, Associated Industries of New York State, Inc. (Associated Industries), and to an insurance trust created by said entity. The insurance trust was initially created as Associated Industries of New York State, Inc. Insurance Fund and is now known as Business Council of New York State, Inc. Insurance Fund (interchangeably referred to as Insurance Fund). The complaint alleges that Cooney, acting as attorney for the trustees of the Insurance Fund, drafted and caused to be executed a "Restated Agreement and Declaration of Trust" on May 11, 1979 which purported to remove Associated Industries, the settlor, as a party to the Insurance Fund, and to relinquish certain of the powers formerly reserved by Associated Industries over the trustees and the operation of the Insurance Fund, all without notice to Associated Industries. In addition, it is alleged that Cooney advised the trustees to adopt a resolution he drafted increasing their compensation without notice or advice to Associated Industries. Finally, it is alleged that Cooney also advised the trustees to execute a new employment agreement with the Insurance Fund president which relinquished certain rights Associated Industries had reserved to itself. Associated Industries subsequently secured an order and judgment avoiding the restated agreement and effecting removal of the trustees, which was affirmed by this court (*Matter of Associated Inds. v Murray,* 80 AD2d 648). ¶ In action No. 2, commenced August 16, 1982 in Rensselaer County, the executors of the estate of David J. Thomas, the president of the Insurance Fund from July 1, 1974 until his termination on May 18, 1981, seek payment of deferred compensation, damages for breach of contract, wrongful cancellation of a life insurance policy and other incidental relief. Defendants in action No. 2 are the present trustees of the Insurance Fund, who have commenced a third-party action against Cooney seeking indemnity for any recovery against them in action No. 2. Special Term denied the motion by Cooney to have both actions joined for trial in Albany County, giving rise to this appeal. ¶ It is a general principle that cases which involve identical parties and issues may be tried together in the sound discretion of the court (CPLR 602, subd [a]; Siegel, NY Prac, §§ 128-129). The exercise of that discretion will be disturbed only when an appellate court finds that it may result in substantial prejudice to one or more of the parties. The burden is on the party resisting the motion to demonstrate that it would prejudice him (*Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia,],* 26 NY2d 157, cert den *sub nom. Frederick Snare Corp. v Vigo S. S. Corp.,* 400 US 819). ¶ A review of the record confirms, and the parties on appeal concede, that actions Nos. 1 and 2 have at least one common issue, i.e., Cooney's involvement with respect to the 1979 employment contract between the Insurance Fund and Thomas. It appears that the 1979 employment contract revised a contract executed in 1974 by extending the terms of Thomas'·employment to December 31, 1986 with no right of termination except in the event of serious misfeasance or disability. The previous contract provided for termination of Thomas' services

without cause upon 90 days' notice. In action No. 1, Business Council contends that Cooney breached its fiduciary duties by drafting this revised contract. In action No. 2, the estate of Thomas seeks to recover, in part, on the basis of rights purportedly established under the 1979 employment contract. The basis of the third-party complaint in action No. 2 is that Cooney prepared the employment contract in violation of the trust agreement and its fiduciary responsibilities as attorney for the trust. ¶ Pivotal to both actions is an assessment of Cooney's actions relative to this agreement. In our view, the identity of issue presented here was sufficiently significant to require a joint trial of the two actions (*Harby Assoc. v Seaboyer,* 82 AD2d 992; *Maigur v Saratogian, Inc.,* 47 AD2d 982). A judgment in favor of Business Council in action No. 1 could work a collateral estoppel against Cooney in action No. 2 (*Shanley v Callanan Inds.,* 54 NY2d 52). In the event Cooney is successful in action No. 1, it nonetheless would be forced to relitigate the issues of legal malpractice and fiduciary duties presented by the third-party complaint in action No. 2. Such fragmentation would place an unnecessary burden on both Cooney and the judicial system. We recognize that action No. 1 is presently on the standards and goals calendar in Albany County, while discovery has yet to be completed in action No. 2 in Rensselaer County. The question presented, however, is whether plaintiff in action No. 1, Business Council, would be substantially prejudiced by the delay attendant a joint trial. We think not. Here, Business Council, plaintiff in action No. 1, is the settlor of the Insurance Fund which is defendant in action No. 2. Further, the trustee defendants in action No. 2 are all members of Business Council's board of directors. Clearly, this is not an instance where a joint trial would delay a noninvolved party. Moreover, action No. 2 is not of recent vintage, but was commenced in August of 1982. This being the case, we conclude that it was an improvident exercise of discretion for Special Term to deny Cooney's motion for a joint trial (see *Williams v Mascitti,* 71 AD2d 813; *Cornell v Reed,* 35 AD2d 809). ¶ Order reversed, on the facts, without costs, motion for a joint trial of actions Nos. 1 and 2 in Albany County granted, and matter remitted to Supreme Court in Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.