■ ROBERT S. HELD, Appellant, v RONALD G. BALL et al., Defendants. (Action No. 1.) THOMAS BINGHAM, JR., et al.,

Appellants, v RONALD G. BALL et al., Defendants. (Action No. 2.) RONALD S. HELD, Appellant, v AMERICAN HONDA MOTOR COMPANY, INC., et al., Respondents. (Action No. 3.) THOMAS BINGHAM, JR., et al., Appellants, v AMERICAN HONDA MOTOR COMPANY, INC., et al., Respondents. (Action No. 4.)—Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiffs have commenced four separate actions arising out of a collision which occurred on April 8, 1979 between their motorcycle and an automobile in the City of Buffalo. The first actions (Nos. 1 and 2) against the driver of the automobile and the City of Buffalo were joined for trial. No note of issue has yet been filed. Plaintiffs later separately sued the defendant American Honda Motor Company, Inc. and two other corporations (the "Honda" defendants) claiming that design defects in the motorcycle aggravated their injuries. These "second-collision" actions against Honda (Nos. 3 and 4) are grounded on the well-settled principle that a manufacturer may be liable for design defects which enhance or aggravate injuries *(see, Bolm v Triumph Corp.,* 33 NY2d 151; *Cornier v Spagna,* 101 AD2d 141; *Rainbow v Elia Bldg. Co.,* 79 AD2d 287, *affd* 56 NY2d 550).* Plaintiffs then moved for a joint trial of all four actions which Special Term denied, although it joined for trial the two Honda actions. We reverse and direct a single joint trial of all four actions.

Generally, the existence of common questions of law or fact warrants a joint trial. Absent a showing by the opposing party that joinder would prejudice a substantial right, "[w]here feasible, joint trial should be had to reduce the cost of litigation, make more economical use of court time, and speed the disposition of cases" *(Williams v Mascitti,* 71 AD2d 813, 814). Here, Honda has failed to show any prejudice and plaintiffs have demonstrated that there are common areas of fact which will require the testimony of the same witnesses in all four actions. Special Term was unduly concerned that a joint trial would burden the trial court and confuse the jury. It erred in concluding that the medical proof admitted in the negligence actions would not be admissible against Honda and that the facts relating to the collision are only "peripheral" to the Honda actions. The medical proof admissible against the negligence defendants is also admissible against Honda. However, plaintiffs must produce additional medical proof apportioning their injuries to establish Honda's liability *(see, e.g., Caiazzo v Volkswagenwerk, A.G.,* 647 F2d 241). In isolating the enhanced injuries, the facts relating to the happening of

the accident are crucial, not merely peripheral. The issues should not be beyond the competence of a properly instructed jury and a joint trial will likely prevent any injustice which would result from divergent decisions in separate trials. (Appeal from order of Supreme Court, Erie County, Cook, J.— joinder of action.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ.