■ Kathleen J. Coakley et al., Appellants, v William Africano et al., Respondents. (Action No. 1.) Kathleen J. Coakley et al., Appellants, v O'Shea, Reynolds, Napier, Quinn and Cummings, Respondent. (Action No. 2.)—Order unanimously reversed on the law with costs and motion

granted. Memorandum: Plaintiffs commenced a medical malpractice action in April 1988, naming as defendants Rochester General Hospital, Dr. William Africano, and Dr. Donald Gabel. The action was dismissed against Gabel as a result of the failure of plaintiffs' former attorneys to comply with an order of preclusion (see, Coakley v Gabel, 158 AD2d 954, lv dismissed 76 NY2d 931, rearg denied 76 NY2d 1018). Plaintiffs retained new counsel who maintained the medical malpractice action against the remaining defendants and commenced a legal malpractice action against plaintiffs' former attorneys. Supreme Court denied plaintiffs' motion for a joint trial of their medical malpractice and legal malpractice actions. We conclude that the court erred in denying plaintiffs' motion.

"When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all [of] the matters in issue" (CPLR 602 [a]). Although courts are granted considerable discretion in determining a motion for a joint trial, "the interests of justice and judicial economy are better served by joint trials wherever possible" (Megyesi v Automotive Rentals, 115 AD2d 596; see, Import Alley v Mid-Island Shopping Plaza, 103 AD2d 797, 798). Inasmuch as plaintiffs, in order to prevail in their legal malpractice action, must establish that Dr. Gabel committed medical malpractice, plaintiffs have sustained their initial burden of demonstrating that the actions contain common issues of law and fact (cf., Business Council v Cooney, 102 AD2d 1001, 1002). Defendants' conclusory assertion that a joint trial would confuse the trier of fact is unsupported on the record and insufficient to demonstrate prejudice to a substantial right. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Joint Trial.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.