■ JOHN P. ZIMMERMAN et al., Respondents, v SCOTT MANSELL, Appellant. (Action No. 1.) REBECCA SCESNY, Respondent, v SCOTT MANSELL, Appellant, and JOHN ZIMMERMAN, Respondent. (Action No. 2.) WILLIAM EXCELL, Respondent, v JOHN ZIMMERMAN, Respondent. (Action No. 3.)—Order unanimously reversed on the law with costs and motion granted. Memorandum: Defendant Scott Mansell appeals from the denial of his motion to join this action for trial with two other actions that arose from the same automobile accident. We conclude that denial of the motion for joint trials was an improvident exercise of discretion.

Although a motion for joint trials is addressed to the sound discretion of the trial court, the motion should be granted where there are common issues of law or fact unless the party

resisting joint trials demonstrates prejudice to a substantial right *(see, Fashion Tanning Co. v D'Errico & Farhart Agency,* 105 AD2d 1034, 1035; *see also,* CPLR 602 [a]). Because the three actions in question all arose out of the same accident, the interests of judicial economy favor joint trials *(see, Mitchel v Thacker,* 159 AD2d 701). Plaintiffs failed to meet their burden of demonstrating that they would be substantially prejudiced by a joint trial. The fact that a joint trial might delay the trial of their action lacks significance in the circumstances here *(see, Business Council v Cooney,* 102 AD2d 1001). Plaintiffs' desire to have their action heard separately does not constitute a substantial right *(see, Humiston v Grose,* 144 AD2d 907, 908), and the issues raised at a joint trial "should not be beyond the competence of a properly instructed jury" *(Held v Ball,* 123 AD2d 507, 509). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Joinder.) Present —Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.