OPINION OF THE COURT
Jack M. Battaglia, J.
In action No. 1, plaintiff Theresa Martire alleges as a single cause of action against defendants the City of New York and the New York City Police Department that she sustained injury as a result of her arrest and detention in February 1999. In action No. 2, Ms. Martire alleges that defendants Samuel Karliner, Esq. and Adler & Karliner, the attorneys who commenced action No. 1 on her behalf, were negligent in their representation of her, to her damage. Ms. Martire now moves to consolidate the two actions pursuant to CPLR 602. Defendants in action No. 1 take no position on the motion. Defendants in action No. 2 oppose consolidation.
“When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” (CPLR 602 [a].)
In addition to the interests of judicial economy and ease of decisionmaking, consolidation can prevent the injustice that would result from divergent decisions on the same facts. (See Amcan Holdings, Inc. v Torys LLP, 32 AD3d 337, 339-340 [1st Dept 2006]; Gutman v Klein, 26 AD3d 464, 465 [2d Dept 2006].) Consolidation should not be ordered, however, if to do so would “prejudice a substantial right.” (See Amcan Holdings, Inc. v Torys, LLP, 32 AD3d at 339; see also Beerman v Morhaim, 17 AD3d 302, 303 [2d Dept 2005] [substantial prejudice].) The party seeking consolidation bears the burden of specifying the commonality of issues (see id.), but the burden of demonstrating prejudice is on the party opposing consolidation (see Amcan Holdings, Inc. v Torys, LLP, 32 AD3d at 339).
For purposes of this motion, plaintiff characterizes the professional malpractice of defendants in action No. 2 as the “fail[ure] to assert various causes of action on behalf of plaintiff including, but not limited to, assault, malicious prosecution and violation of federal, state and city of New York civil rights laws all of which stem from the same arrest” for which plaintiff seeks damages in action No. 1 “for false and wrongful arrest.” {See *385 counsel’s affirmation K 5.) According to plaintiff, the “proof and facts . . . [that] overlap” include “the circumstances surrounding her arrest, the lack of reason for the arrest, the excessive force used, the loss of the plaintiff in ‘the system’, her mistreatment and abuse,” and “medical evidence.” (See id. 11 11.) Plaintiff does not explicitly associate these items of “proof and facts” to the elements of her cause of action in action No. 1 “for false and wrongful arrest” by defendants in action No. 1, or to the elements of the causes of action that defendants in action No. 2 failed to assert on her behalf.
Plaintiff relies, however, on the Fourth Department’s decision in Coakley v Africano (181 AD2d 1071 [4th Dept 1992]), which held that it was error for the lower court to refuse a joint trial of an action for legal malpractice and the underlying medical malpractice action on which it was based (see id.). In Coakley, the alleged legal malpractice was in allowing the underlying action to be dismissed against a Dr. Gabel. Since the plaintiffs “in order to prevail in their legal malpractice action” were required to “establish that Dr. Gabel committed medical malpractice,” they were deemed to “have sustained their initial burden of demonstrating that the actions contain common issues of law and fact.” (See id. at 1072.)
This motion presents different circumstances than were found in Coakley. There, the alleged malpractice resulted in the loss of a defendant, whereas, here, the alleged malpractice is said to result in the loss of one or more causes of action. In Coakley, because of a prior judicial determination, there was no question but that there could be no recovery against the lost defendant, whereas, here, there has been no determination that plaintiff has lost the causes of action not asserted in action No. 1, nor even an explanation as to why they might be lost. And whereas in Coakley the medical malpractice of the lost defendant was an essential element of the legal malpractice claim, it does not appear that plaintiff must prove “false and wrongful arrest” in order to recover for the failure to assert causes of action for assault, malicious prosecution, or violation of civil rights laws. But these differences do not render Coakley inapposite to this motion.
The loss for which plaintiff seeks compensation in action No. 2 is “the value of the lost underlying claim[s].” (See Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 31 AD3d 418, 421 [2d Dept 2006].) She will be entitled to recovery only if she proves defendants’ professional negligence and that their negligence *386 was the “but for” cause of the loss of one or more claims. (See id. at 422.) Without that proof, she cannot show the “actual damages” that are “an essential element of a legal malpractice claim.” (See id.) The central point of Coakley seems to be that there should be consolidation when there is commonality of issues between the underlying action and the “but for” element of the malpractice action. Here, although plaintiff does not tie the items of “overlapping” proof, as she sees them, to the elements of the cause of action in action No. 1 and the elements of the allegedly lost causes of action for which she seeks redress in action No. 2, the relationships are at the least colorable.
Contrary to the contention of defendants in action No. 2, consolidation is not necessarily “premature” (see affirmation in opposition to plaintiffs motion to consolidate 1Í 5) because there has been no determination in action No. 1 on “whether Plaintiff will be successful” as to those defendants (see id.). To the extent that plaintiffs claim in action No. 2 is based upon negligence in connection with the cause of action asserted in action No. 1, defendants’ contention might be sustainable. (See Parametric Capital Mgt., LLC v Lacker, 15 AD3d 301, 302 [1st Dept 2005].) But defendants in action No. 2 have not shown that plaintiff has not been damaged by reason of the loss of causes of action for assault, malicious prosecution, and violation of civil rights laws, even though she might be successful on her claim for “false and wrongful arrest.” For example, legal fees are potentially recoverable on a statutory civil rights claim when they would not be for related common-law claims.
Nor have defendants in action No. 2 established that, as they contend (see affirmation in opposition to plaintiffs motion to consolidate 1i1i 5, 6), the allegedly lost causes of action are still available to plaintiff. Although in Coakley there was a prior judicial determination as to the lost defendant, such a prior determination is not a condition precedent to an action for legal malpractice. Proof of the loss of the underlying claim will be required of the malpractice plaintiff in order to establish the “essential element” of “actual damages” (see Rudolfo Shayne, Dachs, Stanisci, Corker & Sauer, 31 AD3d at 422). There is no showing that such proof would cause jury confusion or other prejudice, and may well be susceptible to determination by the court as a matter of law.
Prejudice is not shown solely because defendants in action No. 2 “will be forced to incur substantial and unnecessary amounts of legal fees defending” action No. 2 when plaintiff *387 may eventually be unable to establish her malpractice claim. The malpractice defendant in Coakley was likewise required to defend until a resolution of the underlying action, but that was not even mentioned as a consideration on consolidation. There are, moreover, avenues available to the malpractice defendant faced with an unsupportable claim. Defendants in action No. 2 have already moved to dismiss that action, and, if unsuccessful, may yet succeed on summary judgment. A motion for consolidation is not the best, or even perhaps an appropriate, vehicle for challenging the viability of the plaintiff’s claim in one of the subject actions.
Action No. 1 is pending on the Part 22 calendar, a City Part calendar presided over by this judge; action No. 2 is pending on the Part 21 calendar presided over by another judge. Subsequent to plaintiff having made the instant motion, defendants in action No. 2 moved to dismiss that action; that motion is returnable in Part 21 on February 27, 2007. Because of the City defendants in action No. 1, the two actions must be consolidated in the City Part.
Plaintiffs motion to consolidate action No. 1 and action No. 2 for joint trial is granted.