OPINION OF THE COURT
Deborah H. Karalunas, J.
This constitutes the court’s decision regarding the pending motion to join for trial either the actions of plaintiffs Kelly Varano on behalf of Jeremy Bohn, Jason Montanye on behalf of Kadem Montanye, Brenda Fortino on behalf of Julie Fortino, Marie Martin on behalf of Kenneth Kenyon and Hollan Crippen on behalf of Devan Mathews (collectively the old Forba *644 plaintiffs) or the actions of plaintiffs Kelly Varano on behalf of Jeremy Bohn, Jenny Lynn Cowher on behalf of William Martin, Jason Montanye on behalf of Kadem Montanye and Laurie and Dominick Rizzo on behalf of Jacob McMahon (collectively the groups 1-4 plaintiffs). The motion was submitted to this court’s December 18, 2013 motion term.
I. Background
By decision and order dated September 1, 2011, the New York multidistrict litigation panel coordinated for pretrial purposes under the caption “In Re Small Smiles” multiple actions in which plaintiffs seek “compensatory and punitive damages for alleged injuries to children after treatment at Small Smiles clinics as a result of, inter alia, an illegal profit scheme.” The panel unanimously found that coordination would be “advantageous and efficient for all parties, and [would] not prejudice any party.”
On this motion, plaintiffs allege that the coordinated actions involve common questions of law and fact and that a joint trial involving either the old Forba plaintiffs or the groups 1-4 plaintiffs will serve the interests of justice, promote judicial economy, avoid inconsistent verdicts and unnecessary costs, and not prejudice defendants. For the purposes of this decision, the “old Forba defendants” include FORBA, LLC, FORBA, N.Y., LLC, Small Smiles Dentistry of Syracuse, LLC, DD Marketing, Inc., DeRose Management, LLC, Daniel DeRose, Dr. Edward DeRose, Dr. Michael DeRose, Dr. Adolph Padula, Dr. William Mueller and Michael Roumph, and the “new Forba defendants” include FORBA Holdings, LLC, FORBA NY, LLC and Small Smiles Dentistry of Syracuse, LLC. The old Forba defendants and new Forba defendants (collectively referred to as the Forba defendants), and defendants Naveed Aman, D.D.S., Koury Bonds, D.D.S., Tarek Elsafty, D.D.S., Yaqoob Khan, D.D.S. and Delia Morales, D.D.S. opposed the motion. They primarily maintain that a joint trial will confuse the jury and prejudice defendants. Defendants Dimitri Filostrat, D.D.S. and Grace Yaghmai, D.D.S. did not oppose the motion.
The amended complaint filed October 18, 2011 on behalf of all Onondaga County plaintiffs (as modified by the Sept. 27, 2013 mem and order of the Appellate Division, Fourth Department [Matter of Small Smiles Litig., 109 AD3d 1212 (2013)]) contains causes of action for battery, violation of General Business Law § 349, medical malpractice, negligence and lack of *645 informed consent. The complaint also alleges concerted action among defendants. Plaintiffs seek compensatory and punitive damages.
All plaintiffs allege that: (1) defendants engaged in a scheme to treat patients for Porha’s profits rather than for plaintiffs’ dental needs; (2) the New York clinics operated in violation of law because they were not owned or controlled by licensed dentists; (3) defendants engaged in a course of conduct that intended to create “a culture at the clinics that put revenue generation as a top priority at the expense of quality of dental treatment” (complaint ¶ 56); (4) defendants utilized a common “fraudulent script” with patients regarding the risks of restraints (complaint ¶ 68); (5) defendants engaged in deceptive acts or practices; and (6) the treating dentists committed dental malpractice by following the Forba business model of increasing production (procedures) per patient and wrongfully restraining children.
The old Forba plaintiffs’ treatment can be summarized as follows:
• Plaintiff Bohn treated at the Syracuse Small Smiles clinic between May 2006 and March 2008, when he was between the ages of three and five. During that time he had four root canals with crowns, seven fillings, two extractions and one crown without a corresponding root canal. He was restrained twice, and on three occasions his teeth were filled without anesthesia. (Complaint ¶ 155.)
• Plaintiff Montanye treated at the Syracuse Small Smiles clinic between June 2006 and September 2007, when he was between the ages of two and three. During that time he had four root canals with crowns and six fillings. He was restrained three times, and on three occasions his teeth were filled without anesthesia. (Complaint ¶ 163.)
• Plaintiff Fortino treated at the Syracuse Small Smiles clinic between August 2005 and February 2007, when she was between the ages of four and six. During that time, she had nine root canals with crowns, two fillings, two crowns without corresponding root canals and one extraction. She was restrained four times. (Complaint ¶ 157.)
• Plaintiff Kenyon treated at the Syracuse Small Smiles clinic between April 2005 and September 2008, when he was between the ages of three and seven. During that time, he had six root canals with crowns and seven fillings. He was restrained three *646 times, and on three occasions his teeth were filled without anesthesia. (Complaint ¶158.)
• Plaintiff Mathews treated at the Syracuse Small Smiles clinic between June 2005 and May 2006, when he was between the ages of three and four. During that time, he had five teeth filled, two extractions, and one root canal with a crown. He was restrained five times, and on two occasions his teeth were filled without anesthesia. (Complaint ¶ 160.)
The defendants common to these five plaintiffs include all the new and old Forba defendants, Naveed Aman, D.D.S. and Koury Bonds, D.D.S. In addition, Yaqoob Khan, D.D.S. is a defendant in the Montanye, Fortino, Mathews and Bohn actions, Tarek Elsafty, D.D.S. and Dimitri Filostrat, D.D.S. are defendants in the Montanye and Fortino actions, Janice Randazzo, D.D.S. is a defendant in the Kenyon action, LocVin Vuu, D.D.S. is a defendant in the Fortino action, and Grace Yaghmai, D.D.S. is a defendant in the Montanye action.
Treatment of the groups 1-4 plaintiffs who are not also old Forba plaintiffs can be summarized as follows:
• Plaintiff Martin treated at the Syracuse Small Smiles clinic between August 2007 and May 2008, when he was two years old. During that time, he had 10 fillings, and on four occasions his teeth were filled without anesthesia. (Complaint ¶ 159.)
• Plaintiff McMahon treated at the Syracuse Small Smiles clinic between October 2006 and November 2007, when he was between the ages of one and three. During that time he had four root canals with crowns and four fillings. He was restrained twice. (Complaint ¶ 162.)
The defendants common to these two plaintiffs include all the new Forba defendants and Naveed Aman, D.D.S. In addition, Delia Morales, D.D.S. and Tarek Elsafty, D.D.S. are defendants in the McMahon action and Grace Yaghmai, D.D.S. and Yaqoob Khan, D.D.S. are defendants in the Martin action. The old Forba defendants are not parties to the Martin and McMahon actions.
Importantly, this motion for a joint trial is not made in a vacuum. The court previously tried one of the 32 coordinated actions. That trial (involving plaintiff Bohn and to be retried following a posttrial motion for a new trial) lasted three weeks. The court decided 84 written motions in limine (filling multiple bankers’ boxes) and numerous other trial motions. Plaintiffs exhibits numbered over 700 (filling two bankers’ boxes) and defendants’ exhibits numbered over 150 (filling 11 mostly four- *647 inch binders). The court spent in excess of 100 hours reviewing the exhibits in connection with the various motions. The court also reviewed designations, counter-designations and objections to the deposition transcripts of 10 witnesses (encompassing thousands of pages) the parties intended to show by videotape at trial. The transcript review took days. Voir dire of a very large jury pool spanned two days, and a dozen witnesses testified at the three-week-long trial. To address the various trial issues, shorten the trial length, and minimize juror inconvenience, the court regularly met or otherwise communicated with the attorneys after hours and on the weekends. In short, the judicial resources devoted to the trial of a single action were substantial.
The trials costs also were exorbitant. Twelve lawyers sat at counsel table, three per party. Additional lawyers and paralegals for each party sat along the walls and in the gallery of the courtroom. Virtually all of the parties and all but two of the lawyers hailed from out of town and remained in Syracuse for the trial duration. A videographer and technology expert sat through most of the trial to assist the attorneys with videotaped testimony and electronic copies of exhibits. Out-of-town expert witnesses testified on behalf of both parties. (Several additional expert witnesses identified by the parties did not testify at the trial.)
II. Discussion
CPLR 602 (a) provides:
“When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
A trial court has “wide discretion” to order or deny a joint trial. (146 No. Salina St. v Unigard Jamestown Mut. Ins. Co., 54 AD2d 1129, 1130 [4th Dept 1976].) In exercising that discretion, the controlling principle is that “the interests of justice and judicial economy are better served by joint trials wherever possible.” (Coakley v Africano, 181 AD2d 1071, 1072 [4th Dept 1992].) Thus, a motion for a joint trial “should be granted where there are common issues of law or fact unless the party resisting joint trials demonstrates prejudice to a substantial right.” (Zimmerman v Mansell, 184 AD2d 1084, 1084 [4th Dept 1992] *648 [ordering joint trial of personal injury actions]; Coakley, 181 AD2d at 1071 [ordering joint trial of medical malpractice and legal malpractice actions]; 146 No. Salina St., 54 AD2d at 1129 [affirming joint trial of five actions among property owners/ tenants and fire insurance companies]; cf. Miracle Inn, LLC v First Am. Intl. Bank, 2012 NY Slip Op 31106[U] [Sup Ct, Queens County 2012] [ordering consolidation of claims for fraud, violation of General Business Law § 349, breach of contract and civil conspiracy].) The burden to demonstrate prejudice to a substantial right falls on the party resisting joinder. (Zimmerman, 184 AD2d at 1084; Williams v Mascitti, 71 AD2d 813 [4th Dept 1979]; 146 No. Salina St., 54 AD2d at 1130.) Conclusory allegations of juror confusion or prejudice are insufficient. (Coakley, 181 AD2d at 1071.)
Here, a joint trial involving the old Forba plaintiffs will serve the interests of justice and promote judicial efficiency and economy. The claims of the old Forba plaintiffs emanate from a “commonality of context”—an alleged scheme by defendants to treat patients for Forba’s profit rather than for their dental needs. Resolution of this question for each of the five old Forba plaintiffs will require similar and overlapping fact and expert testimony and evidence. Additional questions of fact and law common to the five old Forba plaintiffs include:
1. Were the treatment decisions of the dentists improperly influenced by the Forba defendants?
2. Did defendants act in concert with respect to treatment decisions for plaintiffs?
3. Did defendants engage in deceptive acts or practices?
4. Did the Forba defendants violate Limited Liability Company Law § 1203?
5. Did the Forba defendants violate General Business Law § 349?
6. Were plaintiffs given appropriate information to provide informed consent concerning use of restraints?
7. Was consent to restrain fraudulently obtained?
8. Were defendants negligent?
9. Did defendants act with reckless disregard for the safety of others?
10. Were plaintiffs damaged by Forba’s improper influence to treat for Forba’s profits rather than plaintiffs’ dental needs?
11. Was defendants’ conduct wanton and reckless or malicious so as to justify punitive damages?
*649 A joint trial will eliminate the need to have the defendants and the parties’ experts testify five separate times on these common questions of law and fact in five separate trials spread out over a minimum of 15 weeks. The savings in terms of judicial efficiency and resources by having one trial instead of five will be enormous. In addition to minimizing duplication of testimony and trial days, a joint trial will reduce the total number of motions and exhibits, substantially reduce litigation costs, make more economical use of court time, and speed up disposition of the cases. It also will minimize the risk of inconsistent verdicts.
Defendants argue they will be prejudiced by a joint trial and the jurors will be confused and unable to separate and distinguish evidence of malpractice or other wrongdoing among the several plaintiffs, treating dentists and Forba defendants. Defendants’ position ignores that all of plaintiffs’ claims flow from their allegations of an overriding scheme to maximize corporate profits at the expense of dental care. All plaintiffs necessarily must submit proof to establish that fact. Defendants’ claims of prejudice also ignore the court’s ability to minimize if not eliminate any potential prejudice and juror confusion through the use of limiting instructions and verdict sheets. With appropriate limiting instructions and properly crafted verdict sheets, there will be no juror confusion and no prejudice to a substantial right of any of the parties.
Reviewing courts defer to the judgment of the trial court making joinder and severance decisions. In Akely v Kinnicutt (238 NY 466, 475 [1924]), the Court affirmed an order denying severance of 193 plaintiffs who were alleged victims of a common fraudulent scheme. Rejecting defendants’ arguments of prejudice, the Court stated: “we cannot assume that [the jury] will not consider and properly decide by themselves the separate issues which arise in connection with each cause of action.” (Id. at 475.) Finding the possibility of jury confusion “largely a matter of judgment” the Court declined to assume that “the trial judge [would] not be able to present the different causes of action in such a manner as [to] enable the jury fairly and intelligently to pass upon the different issues or that the jury [would] disregard the instructions of the judge.” (Id. at 476.) Having already tried the Bohn matter, this court has an even greater ability to present the evidence and instructions fairly to a jury of a joint trial of the old Forba plaintiffs.
In a case with strong similarities to those at hand, the court consolidated for trial five separate actions alleging fraud, *650 discrimination and violation of General Business Law § 349. (See Barkley v Olympia Mtge. Co., 2010 WL 3709278, 2010 US Dist LEXIS 95060 [ED NY, Sept. 13, 2010], affd 2014 WL 305480, 2014 US App LEXIS 1756 [2d Cir 2014].) In Barkley, eight first-time home buyers of limited financial means and sophistication sued various sellers, lenders, appraisers, lawyers and others, claiming that defendants conspired to sell them overvalued, defective homes financed with predatory loans. The actions initially were consolidated for pretrial purposes.
Plaintiffs subsequently moved to consolidate the actions for trial. Claiming prejudice, defendants argued that the “jury will of necessity gather the preconceived notion that some conspiracy must have existed to bring all these [eight] people together against the defendants.” (Barkley, 2010 WL 3709278, *29, 2010 US Dist LEXIS 95060, *88.) Defendants also argued that plaintiffs’ “attempts to show a ‘pattern and practice’ will undoubtedly result in an inference by the jury that all of the defendants . . . were involved in the same pattern and practice.” (2010 WL 3709278, *29, 2010 US Dist LEXIS 95060, *88-89.) Rejecting defendants’ objections, the court found that the risks of prejudice and jury confusion were
“overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.” (2010 WL 3709278, *27, 2010 US Dist LEXIS 95060, *82.)
The court stated: “any risk of confusion or prejudice at trial can be mitigated with jury instructions and verdict sheets.” (2010 WL 3709278, *30, 2010 US Dist LEXIS 95060, *92.)
Defendants’ attempts to distinguish the cases cited by plaintiffs in support of this motion are equally unavailing. Like the individual plaintiffs who allege exposure to the same hazardous materials or damage by the same malfunctioning product, the Small Smiles’ plaintiffs allege exposure to and damage by the same scheme to put profit over sound dental judgment and patient well-being. The allegedly offending conduct is the same. The offending acts are the same for the different plaintiffs. The only distinctions among the plaintiffs are the dates of treatment and the identity of the dentist for each treatment. The law is clear: where, as here, “[t]he pleadings disclose *651 a commonality of context from which [the] actions emanate,” denial of a joint trial is an abuse of discretion. (Williams, 71 AD2d at 813.)
III. Conclusion
Plaintiffs’ motion to join for trial the claims of the old Forba plaintiffs is granted.