■ 146 NORTH SALINA STREET, INC., Appellant, v UNIGARD JAMESTOWN MUTUAL INSURANCE COMPANY et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: The question before us is whether Special Term properly exercised its discretion in directing a joint trial of actions brought by the owner of real property and the principal tenant against several fire insurance companies. CPLR 602 (subd [a]) provides in pertinent part that "[w]hen actions involving a common question of law or

fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue * * * and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay". A court has "wide discretion" to order or deny a joint trial in order to "eliminate multiplicity of actions pending in the same court while protecting substantial rights" (2 Weinstein-Korn-Miller, NY Civ Prac, par 602.01). All of the actions arise out of a single incident and the record discloses that there are common questions of law and fact. The appellants have not met "the burden of establishing" their claim of prejudice *(Matter of Virgo S. S. Corp [Marship Corp. of Monrovia],* 26 NY2d 157, 161-162). "Upon the total submission of all the issues * * * there will be no problems so 'confusing and burdensome to the trial jury' as to preclude such procedure" *(Moore v Atlas Assur. Co.,* 29 AD2d 912, 913). Special Term's exercise of discretion in consolidating in a joint trial all five cases should not be disturbed. (Appeal from order of Onondaga Supreme Court—joint trial.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.