■ DALE DEL BELLO et al., Respondents, v JAMES P. WILMOT, Appellant. —Order unanimously modified, in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Here we have two actions and a proposed proceeding which Special Term consolidated. The first action was brought by respondent tenants Del Bello and De-Ma-Be, Inc., against appellant landlord Wilmot for a judgment declaring a lease made between them null and void and for damages arising out of fraud and misrepresentation in connection with its negotiation; the second action was brought by appellant and his agent, Genesee Management, Inc., against respondent Del Bello for rent claimed due under the lease. The proposed summary proceeding is one which appellant's agent notified respondent Del Bello it intended to start to evict respondents for nonpayment of rent. Special Term additionally enjoined appellant and his agent from commencing this summary proceeding and changed the venue to Monroe County. Absent a showing of prejudice to a substantial right, the existence of common questions of law or fact justifies the granting of a motion for consolidation *(Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, cert den 400 US 819; *146 North Salina St. v Unigard Jamestown Mut. Ins. Co.,* 54 AD2d 1129; *Maigur v Saratogian,* 47 AD2d 982). Here, the validity of the lease and the parties' obligations thereunder are common issues. Furthermore, appellants failed to meet their burden of establishing any resulting prejudice. Consequently, it was within the discretion of Special Term to consolidate those actions pending before the Supreme Court. However, since the summary proceeding to evict has not yet been commenced, it should not be included in the consolidation (CPLR 602, subd [b]). Further, it appeared at oral argument that the consolidated case may not be tried for a year or more. In the interim the tenants are occupying the landlord's property without paying any rent. The order of consolidation should be modified by requiring the respondent tenants to pay into court the rent already due and the future rent, as it falls due within 10 days from the entry of the order herein and if respondent fails to do so the injunction against appellant's seeking to evict respondent for nonpayment of rent shall be vacated. (Appeal from order of Erie Supreme Court—consolidate actions, etc.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.