■ JANE CUSHING, Appellant, v GEORGE A. CUSHING, Respondent. (Action No. 1.) JANE CUSHING, Appellant, v GEORGE A. CUSHING, Respondent. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered March 6, 1981 in Albany County, which granted consolidation of Action Nos. 1 and 2 and dismissed the complaints in both actions. Plaintiff commenced Action No. 1 in January, 1981, seeking a rescission of a separation agreement entered into between plaintiff and defendant. On the same day, plaintiff commenced Action No. 2 against the same defendant seeking damages for defendant's alleged breach of the separation agreement. This alleged breach was also alleged in Action No. 1. A motion was made by defendant to, *inter alia,* consolidate the two actions and to dismiss the complaints in both actions. Special Term granted consolidation and dismissed the complaints in both actions. This appeal ensued. Initially, plaintiff argues that so much of the court's order as granted consolidation was premature and an abuse of discretion due to the fact that defendant had not served his answers in the actions and, therefore, it could not be determined if there existed common questions of law or fact. We disagree. The power to order consolidation rests in the sound discretion of the court and, where common questions of law or fact exist, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right (*Maigur v Saratogian, Inc.,* 47 AD2d 982, 983). No demonstration of such prejudice was made by plaintiff

herein. Where it is evident that common issues are presented, the fact that answers have not been served does not preclude the granting of consolidation (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.07). A review of the two complaints at issue herein leads us to the conclusion that Special Term did not abuse its discretion in granting consolidation. Concerning the dismissal of the complaints, it is well established that if any cause of action can be made out, a complaint must be sustained (*Macey v New York State Elec. & Gas Corp.,* 80 AD2d 669). A cause of action, however, cannot be predicated solely on mere conclusory statements unsupported by factual allegations (*Taylor v State of New York,* 36 AD2d 878). The separation agreement in question provides for defendant to convey title to the marital residence to plaintiff and also provides defendant with an option to repurchase the residence upon certain actions or inactions of plaintiff, such as her default in mortgage payments. Contrary to plaintiff's assertions, we find nothing in these provisions to indicate that the transfer of title to the wife would be illusory, lacking in mutuality of obligation or inherently unfair. The remaining statements in the complaint in Action No. 1, asserting unfairness and unconscionability, are unsupported by factual allegations. Accordingly, the complaint in Action No. 1 was properly dismissed as it failed to set forth a valid cause of action for rescission of the separation agreement. In Action No. 2, plaintiff seeks damages for defendant's alleged breach of the separation agreement. It is alleged in this second action that defendant failed to transfer full title to certain real property as required in the separation agreement. This is not an action for rescission of the separation agreement and a valid cause of action for breach of the agreement can be discerned from the complaint. We are not here concerned with whether plaintiff can prove her cause of action, but merely that she has alleged one (*Gabrielle v Craft,* 75 AD2d 939). Consequently, Special Term improperly dismissed the complaint in Action No. 2. Order modified, on the law, by reversing so much thereof as dismissed the complaint in Action No. 2, and defendant's motion to dismiss denied with respect to that action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.