OPINION OF THE COURT
Edward H. Lehner, J.
The key issue on the motions before the court (Nos. 146 and 147 on the calendar of Oct. 7,1983) is whether a lease provision barring consolidation of actions should be enforced.
Plaintiff moves for leave to serve an amended complaint following dismissal of its complaint and to consolidate the within action with another instituted by defendant against *103 the plaintiff to recover unpaid rent, now pending in the Supreme Court, Westchester County.
The complaint herein seeking rescission and damages alleges that the defendant fraudulently induced plaintiff to enter into a lease by misrepresenting to it that the building containing the leased premises was about to be completely renovated and remodeled into a “fashion building” and that the remainder of the space in the building would be rented only to tenants who were in the fashion industry. Defendant counterclaims alleging tortious interference with defendant’s business relationships and economic opportunities.
Pursuant to permission granted by Justice Wallach on June 17, 1983, plaintiff’s former counsel withdrew. Defendant subsequently moved to dismiss the complaint. On August 18, 1983 Justice Evans granted the motion on default ruling that a corporation must appear by an attorney and that papers submitted in opposition by an officer of the corporation who was not an attorney could not be considered. Twelve days later this application by new counsel for leave to “serve an amended complaint” was filed.
Rather than being a request to amend, which under CPLR 3025 is to be freely given, this is in effect an application to vacate a prior dismissal of the complaint which had been granted on default. As such the rule that there must be submitted an affidavit of merits by one with personal knowledge of the facts is applicable. Although no such affidavit was submitted on behalf of the plaintiff, the court is permitted to treat the verified complaint as the equivalent of the necessary affidavit. Examining the complaint it appears to state a cause of action against defendant for fraud in misrepresenting its intention to comply with promises made. (McKenney v Kapin, 53 AD2d 603.) Under the circumstances, particularly in view of the fact that the counterclaim asserted by defendant in this action is still pending, the court will permit plaintiff to replead. However, such relief is conditioned upon plaintiff paying $300 costs within 20 days after service of a copy of the order to be entered herein.
*104 With respect to the motion to consolidate this action (which was commenced in March, 1983) with the Westchester action for rent (which was instituted in Aug., 1983), defendant maintains that the following provision of the lease bars the requested relief: “Tenant agrees that it will not assert or interpose any offset, defense, or counterclaim in any action or proceeding commenced by landlord against tenant by reason of the failure or omission of tenant to pay a sum of money required to be paid under this lease * * * and tenant agrees that it will not consolidate any action or proceeding commenced by landlord with any action or proceeding commenced by tenant against landlord.”
The above clause (which is contained in the typewritten portion of the lease) is unusually broad, going so far as to even prohibit the tenant from asserting a “defense” to any action or summary proceeding. Such provision, which would have the effect of preventing the tenant from establishing payment, constructive eviction, fraud in the inducement or execution, etc., is clearly unconscionable as a matter of law, and hence unenforceable under section 235-c of the Real Property Law.
Thus, the defense of fraud in the inducement is one that could be raised in the Westchester action and, if established, could result in the court ruling the lease unenforceable.
The question then presented is whether the contractual prohibition against consolidation should be honored. CPLR 602 (subd [a]) grants a Judge discretion to consolidate actions involving common questions of law or fact “as may tend to avoid unnecessary costs or delay.” The public policy behind this authorization is to avoid multiplicity of actions, expedite judicial business, and permit litigants to economize on the costs of litigation. To implement such policy, consolidation is to be directed whenever it is possible to do so without prejudice to a substantial right of a party. (See Mideal Homes Corp. v L & C Concrete Work, 90 AD2d 789; Del Bello v Wilmot, 59 AD2d 1023; Wood v Chenango County Nat. Bank & Trust Co., 282 App Div 283; Dasheff v Bath & Tennis Club, 25 Misc 2d 13.) Such direction can even be made sua sponte. (John C. Campagna, Inc. v Dune Alpin Farm Assoc., 81 AD2d 633.)
*105 Although courts will generally enforce a prohibition barring the assertion of a counterclaim in a summary proceeding that is not inextricably related to the main claim (see Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957; Hymowitz v Narkiewicz, NYU, May 13, 1983, p 6, col 2), the court has not found a case discussing the question of whether parties may contractually prohibit the exercise of the judicial discretion granted in CPLR 602. Defendant argues that “consolidation primarily affects the interests only of the immediate parties and can thus be waived”. The court disagrees, believing that parties may not so infringe upon a court’s administration of judicial business. Here the Westchester action for rent and the New York complaint asserting fraud in the inducement are clearly related and have common questions of law and fact. (See Del Bello v Wilmot, supra, where the nature of the actions consolidated was remarkably similar to those pending between the parties hereto.) To mandate two (or perhaps three) trials in separate counties of these closely related plenary actions in this era of heavy calendar congestion, where no prejudice is demonstrated, is clearly against the public policy referred to above.
It should be noted that the court is not here confronted with a situation where one of the suits sought to be consolidated is a summary proceeding. If such were the case, enforcement of the lease prohibition against consolidation may well be appropriate. See Earbert Rest, v Little Luxuries (99 AD2d 734), where the court, in reversing an order consolidating a summary proceeding with an action to recover damages resulting from a break in a water pipe, stated: “consolidation would also unduly delay the prompt and expeditious resolution of the summary proceeding, which would be prejudicial to the landlord.”
However, since here both suits are plenary actions subject to similar delays, the court will not enforce the contractual prohibition against consolidation and grants the motion for such relief.
Since the New York action was commenced first, and there are no special circumstances present warranting departure from the general rule that consolidation should *106 be directed in the county where the first suit was instituted, the actions shall be consolidated in this county. (See Colson v Pelgram, 259 NY 370; Israel v Hirsh, 81 AD2d 694; Boyea v Lambeth, 33 AD2d 928.)