■ MARY MARSHALL, Appellant, v MONEGRO INVESTORS et al., Respondents.—In an action, *inter alia,* to determine title to a parcel of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated

August 25, 1986, which denied her motion to consolidate the instant action with an action pending in the Civil Court, Queens County, and stayed the pending Civil Court action on condition that the plaintiff pay all past-due rents and continue to pay rent as payment becomes due during the pendency of the instant action.

Ordered that the order is modified by deleting therefrom the provision denying the plaintiff's motion to consolidate and ordering the stay and substituting therefor a provision granting the motion on condition that the plaintiff pay to the defendant Monegro Investors the "rent" on the subject premises as it falls due during the pendency of the action and until such further direction of the court and directing that an immediate trial of the action be held; as so modified, the order is affirmed, with costs to the plaintiff; in the event the condition is not complied with, then the order is affirmed, with costs to the defendants.

The first action was commenced in the Civil Court, Queens County, by Monegro Investors, a defendant herein, to evict Mary Marshall, the plaintiff herein, from the subject premises for the nonpayment of rent. In her answer, Marshall alleged as an affirmative defense that she was the owner of the subject premises and that any documents such as deeds and mortgages in Monegro Investors' possession were forgeries. Marshall also counterclaimed for damages.

The instant action was brought by Marshall in the Supreme Court, Queens County, *inter alia,* to quiet the title to the subject premises. In her verified complaint Marshall alleged, *inter alia,* that she owned the premises in question and that the deed conveying title to the premises to Monegro Investors was a forgery. She sought damages arising out of the alleged fraudulent conveyance and for malicious prosecution with respect to the Civil Court summary eviction proceeding. Marshall sought consolidation of the instant action with the Civil Court action. The Supreme Court denied consolidation on the ground that the Civil Court action involved only the nonpayment of rent.

A motion for consolidation pursuant to CPLR 602 (a) is addressed to the sound discretion of the trial court; however, absent a demonstration by the opposing party of prejudice to a substantial right, the existence of common questions of law or fact warrants the granting of the motion *(see, Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157, *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819; *Chiacchia v*

*National Westminister Bank,* 124 AD2d 626, 628). Here, the ownership of the subject premises and the possessory rights therein are common issues. No substantial prejudice has been demonstrated. Therefore, the trial court abused its discretion in denying the motion for consolidation *(see, Del Bello v Wilmot,* 59 AD2d 1023; *Obedin v Masiello,* 4 AD2d 705).

In light of our determination we do not reach the issue of the propriety of the conditional stay of the Civil Court proceeding issued by the trial court. We condition our modification of the order appealed from upon the plaintiff's continued payment of a sum denominated as "rent" as it becomes due. Whether we accept the plaintiff's contention that the monthly payments were in the nature of mortgage payments or Monegro Investors' contention that such payments constituted rent, the plaintiff's obligation to make such monthly payments does not abate. The precise nature of the money ordered to be paid by the plaintiff hereunder will be determined at trial. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.