■ MURRAY BERMAN et al., Respondents, v GREENWOOD VILLAGE COMMUNITY DEVELOPMENT, INC., et al., Appellants. (Matter No. 1.) DETROIT DRAGWAY CORPORATION, Doing Business as GREENWOOD VILLAGE COMMUNITY MANAGEMENT, INC., Appellant, v MURRAY BERMAN et al., Respondents. (Matter No. 2.)— In an action to recover damages for breach of contract pending in the Supreme Court, Suffolk County, and a summary proceeding to recover rents due under a lease pending in the District Court, Suffolk County, Sixth District, Greenwood Village Community Development, Inc., and Detroit Dragway Corporation, doing business as Greenwood Village Community Management, Inc., appeal from an order of the Supreme Court, Suffolk County, entered June 20, 1988 (Tanenbaum, J.), which granted the motion of Murray and Sara Berman, the plaintiffs in matter No. 1 and the respondents in matter No. 2, to consolidate the two matters on the condition that they pay rent already owed to the lessor Detroit Dragway Corporation doing business as Greenwood Village Community Management, Inc., and continue to make current rent payments to their attorney, to be held in escrow in an interest-bearing account, in trust for the lessor.

Ordered that the order is affirmed, with costs.

It is well established that the power to order consolidation rests in the sound discretion of the court, and that where

common questions of law or fact exist, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right *(see, Business Council v Cooney,* 102 AD2d 1001; *Cushing v Cushing,* 85 AD2d 809; *see also, Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 173). The opposing parties herein have not demonstrated that they have been prejudiced by the order of consolidation. Therefore, the only issue remaining to be resolved is whether there exist sufficient common questions of law or fact warranting consolidation. We think there are.

The instant proceedings arise out of what can only be described as a "package deal". The Bermans entered into a contract to purchase a modular home from the Greenwood Village Community Development, Inc., to be located in a planned retirement community owned and operated by the Detroit Dragway Corporation doing business as Greenwood Village Community Management, Inc. They subsequently entered into a lease with the latter corporation renting the parcel of land upon which the home was placed. In fact, the purchase agreement specifically states that "it is the intent of this agreement that the home will be placed in Greenwood Village on land which will be leased to the Buyer" and that at closing, the buyer would be obligated "to execute the residency agreement which will allow Buyer to reside in GREENWOOD VILLAGE". The corporations are all interrelated companies managed by the same individual.

In matter No. 1, the Bermans seek to recover damages for breach of the purchase agreement and the lease. In matter No. 2, the landlord corporation Detroit Dragway Corporation seeks to evict the Bermans for failure to pay rent. Although the appellants argue that the matters involve two separate agreements with two separate corporations, the reality of the situation, as indicated above, is that the transaction must be viewed in its entirety as a unified whole. Under the circumstances, the matters involve common issues as to the rights and obligations of the parties to the transaction. Thus, it cannot be said that the court improvidently exercised its discretion in ordering a consolidation of the two matters *(see, Import Alley v Mid-Island Shopping Plaza,* 103 AD2d 797; *Del Bello v Wilmot,* 59 AD2d 1023). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.