*610 OPINION OF THE COURT
Per Curiam.
Order entered January 30, 1992 affirmed, with $10 costs.
In nonpayment summary proceedings, landlord moved to strike tenant’s answer in reliance upon the following provision contained in a rider to the parties’ loft lease: "Landlord and Tenants agree that in the event Landlord shall commence a summary proceeding against Tenants, Tenants shall not be allowed to make an appearance nor shall Tenants be allowed to interpose any answer or defense unless Tenants, prior to appearing, and prior to interposing any answer or defense, deposit with the clerk of the Civil Court any rents or amount for use and occupancy prayed for by the Landlord in the Petition brought by him in said summary proceeding. In the event Tenants fail to deposit with the Clerk of the Civil Court the monthly rental or use and occupancy, month by month as it shall become due until the conclusion of the litigation * * * then Tenants shall not be permitted to oppose any application by Landlord for the entry of final judgment and for the issuance of a warrant of eviction”. We agree with Civil Court that the above-quoted clause is unenforceable as contrary to law and public policy. RPAPL 743 accords to a respondent in a summary proceeding the unqualified right to interpose an answer. A tenant may not waive by contract or otherwise forfeit the fundamental right to defend a possessory proceeding (Ultrashmere House v 38 Town Assocs., 123 Misc 2d 102). Nor may the right to litigate the merits of a case be conditioned upon prepayment in advance of the entire amount of arrears alleged in the petition (Eversman v Collodo, 88 Misc 2d 86; cf, RPAPL 745 [2]).
Parness, J. P., Miller and McCooe, JJ., concur.