■ JAMES RODGERS et al., Respondents, v RUSSELL WORRELL et al., Appellants, et al., Defendants. (Action No. 1.) MELODY GROSS et al., Respondents, v RUSSELL WORRELL et al., Appellants, et al., Defendants. (Action No. 2.) MICHAEL BALLETTA et al., Respondents, v RUSSELL WORRELL et al., Appellants, et al., Defendants. (Action No. 3.) [625 NYS2d 64] —In three consolidated actions to recover damages, *inter alia,* for battery, the defendants Valley Transit, Inc., the County of Nassau, and Russell Worrell separately appeal from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 21, 1993, as granted the plaintiffs' joint motion to consolidate the actions, and Hudson General Corporation separately appeals from so much of the same order as granted the plain-

tiffs' motion to consolidate and to compel it to comply with notices for discovery and inspection.

Ordered that the appeal by the County of Nassau is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the plaintiffs' motion which were to compel Hudson General Corporation to comply with items 5 and 6 of the notices for discovery and inspection, and substituting therefor a provision granting those branches of the motion directing Hudson General Corporation to comply with items 5 and 6 of the notices for discovery and inspection only to the extent that those items relate to complaints received during the periods in which the defendants Russell Worrell and Dorothy Stewart were employed by Valley Transit, Inc.; as so modified, the order is affirmed, without costs or disbursements.

A motion to consolidate actions pursuant to CPLR 602 (a) rests in the sound discretion of the trial court (see, Marshall v Monegro Investors, 132 AD2d 651; Cushing v Cushing, 85 AD2d 809). Absent a showing of prejudice to a substantial right by a party opposing the motion, consolidation should be granted where common questions of law or fact exist (see, Marshall v Monegro Investors, supra; Cushing v Cushing, supra). In this case, we find no basis to disturb the Supreme Court's decision to consolidate the actions.

As to the notices for discovery and inspection (hereinafter the Notices), items 5 and 6 of both Notices request any complaints pertaining to the defendant Worrell or the bus driven by him, and any complaints pertaining to the bus for which the defendant Stewart was employed as a bus matron, respectively, for the period 1980 to December 5, 1990. Although it is not clear from the record when Worrell and Stewart were employed by the defendant Valley Transit, Inc., the plaintiffs' requests for complaints should be limited to Worrell's and Stewart's respective periods of employment. Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.