■ PITNEY BOWES CREDIT CORPORATION, Appellant, v BIOMETRICS/SEAFIELD CENTER et al., Respondents. [755 NYS2d 254] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 8, 2002, which denied its motion pursuant to CPLR 602 (a) to consolidate the instant action with an action entitled *Biometrics Weight Loss Corp. v Providence Washington Ins. Co.,* pending in the Supreme Court, Nassau County, under Index No. 11545/01.

Ordered that the order is affirmed, without costs or disbursements.

A motion to consolidate actions pursuant to CPLR 602 (a) rests in the sound discretion of the trial court (*see Rodgers v Worrell,* 214 AD2d 553, 554 [1995]). In the instant case, the denial of the motion of the plaintiff, Pitney Bowes Credit Corporation (hereinafter Pitney Bowes), to consolidate was a provident exercise of discretion.

Pitney Bowes's rights in the Nassau County action are based upon an insurance policy allegedly covering a loss of leased equipment, wherein Pitney Bowes was named as an additional insured pursuant to the terms of the insurance policy. Pitney Bowes counterclaimed in the Nassau County action to recover $46,157 allegedly due as rent for the equipment, and commenced a separate action in Suffolk County, inter alia, to recover damages in that same amount. Pitney Bowes, if it prevails, should be able to secure complete relief in the Nassau County action.

Any inconvenience sustained by reason of the pendency of

actions in two different counties is self-created since there was no need to prosecute a separate action in Suffolk County. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.