■ BART LANSKY, Appellant, v JONATHAN BATE, Defendant, and US BANK NATIONAL ASSOCIATION, as Trustee on Behalf of NEW CENTURY ALTERNATIVE MORTGAGE LOAN TRUST 2006-ALT2, Respondent. [17 NYS3d 653]—In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 1, 2013, which denied his motion to consolidate the instant action with an action entitled *US Bank Association, as Trustee on Behalf of New Century Alternative Mortgage Loan Trust 2006-ALT2 v Lansky* (Sup Ct, Dutchess County, index No. 143/12), and granted the unopposed cross motion of the defendant US Bank National Association, as trustee on behalf of New Century Alternative Mortgage Loan Trust 2006-ALT2, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted the unopposed cross motion of the defendant US Bank National Association, as trustee on behalf of New Century Alternative Mortgage Loan Trust 2006-ALT2, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff did not oppose the cross motion of the defendant US Bank National Association, as trustee on behalf of New

Century Alternative Mortgage Loan Trust 2006-ALT2 (hereinafter the Bank), pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. As no appeal lies from an order entered upon the default of the appealing party (*see Marino v Termini*, 4 AD3d 342 [2004]; *Adamson v Evans*, 283 AD2d 527 [2001]), the appeal from so much of the order as granted the Bank's cross motion must be dismissed.

A motion to consolidate actions pursuant to CPLR 602 (a) rests in the sound discretion of the trial court (*see Pitney Bowes Credit Corp. v Biometrics/Seafield Ctr.*, 302 AD2d 508 [2003]; *Rodgers v Worrell*, 214 AD2d 553, 554 [1995]). In the instant case, the denial of the plaintiff's motion to consolidate was a provident exercise of discretion. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.