Catlett v Szechuan Gourmet (2022 NY Slip Op 07049)

Catlett v Szechuan Gourmet

2022 NY Slip Op 07049

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2021-01051
 (Index No. 522284/18)

[*1]Dale Catlett, et al., plaintiffs, 
v
Szechuan Gourmet, defendant-respondent, Pantheon Realty, Inc., defendant third-party plaintiff-appellant; Xing Huang, et al., third-party defendants-respondents, et al., third-party defendants.

Eric D. Feldman, Melville, NY (Jennifer M. Belk of counsel), for defendant third-party plaintiff-appellant.
McManus Ateshoglou Aiello & Apostolakos, PLLC, New York, NY (Brennan P. Breeland of counsel), for defendant-respondent and third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 17, 2020. The order, insofar as appealed from, denied that branch of the defendant third-party plaintiff's motion which was pursuant to CPLR 602(a) to join this action and an action entitled Catlett v Huang, pending in the Supreme Court, Kings County, under Index No. 513611/20, with an action entitled Jia Xing 39th Inc. v A1 Commercial Hood & Duct Cleaning Inc., pending in the Supreme Court, New York County, under Index No. 162501/19, in the Supreme Court, Kings County, for the purposes of discovery and trial, and granted that branch of the cross motion of the defendant Jia Xing 39th, Inc., incorrectly sued herein as Szechuan Gourmet, which was to preclude any joinder of the action pending in the Supreme Court, New York County, with the actions pending in the Supreme Court, Kings County.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2018, the plaintiffs Dale Catlett and Wilber Suarez, firefighters employed by the Fire Department of the City of New York, commenced this action (hereinafter Action No. 1) in the Supreme Court, Kings County, against the defendants Jia Xing 39th, Inc., incorrectly sued herein as Szechuan Gourmet (hereinafter the Restaurant), and Pantheon Realty, Inc. (hereinafter Pantheon), to recover damages for personal injuries. The plaintiffs alleged that they were injured when they were responding to a fire at 21 West 39th Street, New York (hereinafter the premises) owned and/or operated by the Restaurant and Pantheon (hereinafter together the defendants) and that the defendants were negligent in failing to maintain the premises in a safe and proper condition. The plaintiffs alleged causes of action pursuant to General Municipal Law § 205-a predicated on violations of certain provisions of the Administrative Code of the City of New York.
Thereafter, in March 2020, Pantheon commenced a third-party action against, among [*2]others, the third-party defendants Xing Huang and Liao Lili, as the alleged personal guarantors of the Restaurant's obligations under a lease agreement with Pantheon, to recover damages for contractual indemnification and failure to procure insurance under the lease. Pantheon also asserted third-party causes of action against, among others, A1 Commercial Hood & Duct Cleaning, Inc. (hereinafter A1 Commercial), NY Firetech, Inc. (hereinafter NY Firetech), and Safety First Hood Cleaning, Inc. (hereinafter Safety First; hereinafter collectively the corporate defendants), seeking contribution and common-law indemnification based on negligence with regard to the fire at issue.
Subsequently, in July 2020, the plaintiffs commenced a separate action in the Supreme Court, Kings County (hereinafter Action No. 2), against Xing Huang and Liao Lili, as well as the corporate defendants in Action No. 1 (hereinafter collectively the Action No. 2 defendants), among others, to recover damages for personal injuries they alleged they sustained when they responded to the fire at the premises. The plaintiffs alleged that the Action No. 2 defendants were negligent in failing to keep the premises in a safe and proper condition and that they failed to comply with General Municipal Law § 205-a, predicated on violations of Administrative Code of the City of New York former §§ 27-4275 and 28-301.1, among others.
Further, in December 2019, the Restaurant, as the lessee and operator of the premises, commenced an action in the Supreme Court, New York County (hereinafter Action No. 3), against the corporate defendants to recover for property damage and business losses which they alleged they sustained as a result of the fire at the premises. The Restaurant alleged negligence and breach of contractual duty of care with regard to the manufacture, design, installation, and/or maintenance of the fire protection system, and maintenance of the ventilation system, exhaust system, and/or duct work that serviced the kitchen.
Thereafter, Pantheon moved, inter alia, pursuant to CPLR 602(a) to join Action No. 1 and Action No. 2 with Action No. 3 in the Supreme Court, Kings County, for the purposes of discovery and trial. The Restaurant then cross-moved, inter alia, in Action No. 1, to preclude any joinder of Action Nos. 1 and 2 with Action No. 3. Xing Huang and Liao Lili, as third-party defendants in Action No. 1 and defendants in Action No. 2, also opposed Pantheon's motion to the extent that it sought to join Action No. 3 with the other two actions. As is relevant to the appeal, in an order dated December 17, 2020, the Supreme Court, inter alia, denied that branch of Pantheon's motion which pursuant to CPLR 602(a) to join Action Nos. 1 and 2 with Action No. 3 for the purpose of discovery and trial, and granted that branch of the Restaurant's cross motion which was to preclude any joinder of Action No. 3 with Action Nos. 1 and 2. Pantheon appeals.
The determination of a motion pursuant to CPLR 602 seeking joinder for the purposes of discovery and trial is addressed to the sound discretion of the trial court (see Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627; Lansky v Bate, 132 AD3d 737, 738). Here, a joint trial of two actions seeking to recover damages for personal injuries with an action seeking to recover for property damage and business losses based on products liability and breach of contractual duties of care may prove unwieldy and could result in jury confusion (see Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d at 628; County of Westchester v White Plains Ave., LLC, 105 AD3d 690, 691). Moreover, there is the risk that the Restaurant's right to a fair trial with regard to its claims of property damage and business losses stemming from the fire could be prejudiced by a joint trial with actions in which the plaintiffs are suing the Restaurant to recover damages for personal injuries sustained in the same fire (see County of Westchester v White Plains Ave., LLC, 105 AD3d at 691; D'Abreau v American Bankers Ins. Co. of Fla., 261 AD2d 501, 502).
Under such circumstances, the Supreme Court providently exercised its discretion in denying that branch of Pantheon's motion which was to join Action No. 3 with Action Nos. 1 and 2 in the Supreme Court, Kings County, for the purposes of discovery and trial and in granting that branch of the Restaurant's cross motion which was to preclude any joinder of Action No. 3 with Action Nos. 1 and 2 (see Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d at 628).
In light of the foregoing, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court