■ FASHION TANNING COMPANY, INC., Respondent, v D'ERRICO & FARHART AGENCY, INC., Defendant. FASHION TANNING COMPANY, INC., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered November 29, 1983 in Fulton County, which granted plaintiff's motion for a joint trial.

In 1979, two separate fires at plaintiff's plant destroyed a substantial number of hides owned by third persons in the care and custody of plaintiff which was processing them. At the time, plaintiff possessed a policy of insurance issued by defendant Lumbermens Mutual Casualty Company (Lumbermens) covering fire loss and property damage liability. The policy was purchased from defendant D'Errico & Farhart Agency, Inc. (D'Errico). Three owners of hides which were destroyed by the fires have commenced actions against plaintiff for their losses. Lumbermens disclaimed coverage because the policy contained a provision excluding damage to property of others in the care, custody and control of the insured.

Plaintiff has commenced two separate actions. One is against D'Errico alleging negligence in failing to provide required coverage. The other, against Lumbermens, is for a declaratory judgment demanding, *inter alia,* that Lumbermens defend the underlying actions. The controversy is primarily concerned with representations allegedly made by representatives of both defendants which resulted in plaintiff's purchase of the instant policy and cancellation of a prior policy issued by another carrier which, purportedly, provided coverage which would have protected it against damage to its customers' products while in plaintiff's plant for finishing processes.

Relying upon *L. G. J. K. Realty Corp. v Hartford Fire Ins. Co.* (48 AD2d 670), Special Term granted plaintiff's motion for an order directing a joint trial of both cases. Lumbermens appeals from that order.

The order of Special Term should be affirmed. Special Term found that a common question of fact exists as to the conduct of defendants in dealing with each other and with plaintiff. The power to order that pending actions be determined by a joint trial rests in the sound discretion of the trial court. Having such power, the only question to be determined is whether Special Term abused its discretion in making the order (CPLR 602, subd [a]). "The burden of showing prejudice to a substantial right rests upon the party opposing a motion for consolidation (*Matter of Vigo SS Corp. [Marship Corp. of Monrovia],* 26 NY2d 157 * * *)" (*Maigur v Saratogian, Inc.,* 47 AD2d 982, 983). Lumbermens has failed to advance any reasonable theory to support its contention that a joint trial would significantly prejudice its interest.

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.