■ In the Matter of AMY M. et al., Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANCES N., Appellant. (Proceeding No. 1.) In the Matter of AMY M. et al., Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAMERON BB., Appellant. (Proceeding No. 2.) [651 NYS2d 688] —Cardona, P. J. Appeals from two orders of the Family Court of Tompkins County (Barrett, J.), entered January 6, 1995, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate the children of respondent Frances N. to be abused and neglected by both respondents.

On July 29, 1994, petitioner removed April (born in 1981), Amy (born in 1983) and Daniel (born in 1988) from the home of their mother, respondent Frances N. (hereinafter the mother), and her live-in boyfriend, respondent Cameron BB. (hereinafter the boyfriend), due to allegations of abuse (*see*, Family Ct Act §§ 1022, 1024). On August 1, 1994, petitioner commenced these proceedings seeking adjudications that respondents abused and neglected the children. Following a fact-finding hearing held in November 1994, Family Court found, *inter alia*, that respondents on occasion permitted Kelly, the 25-year-old developmentally disabled brother of the boyfriend, to sleep in the same bedroom of their trailer home with Amy and that Kelly engaged in sexual acts constituting rape in the first degree and sodomy in the first degree at times when respondents left Amy and the other children in his care. Additionally, the court found that both April and Daniel had witnessed some of the sexual acts. After a dispositional hearing, the court,

*inter alia,* placed the children in petitioner's custody for a period of up to one year. Respondents appeal.

Initially, we find no merit to the boyfriend's claim that Family Court erred in consolidating the two petitions for trial and in denying his application for a severance. Although, a court may not order consolidation *sua sponte* (*see,* CPLR 602 [a]; *Lazich v Vittoria & Parker,* 196 AD2d 526, 530, *lv denied* 82 NY2d 656; *New York Annual Conference of Methodist Church v Nam Un Cho,* 156 AD2d 511, 514, *lv dismissed* 75 NY2d 947), the record does not substantiate the boyfriend's claim that the consolidation resulted from Family Court's own initiative rather than from a party's request. We note that at the boyfriend's initial court appearance on September 9, 1994, his counsel requested that the case be adjourned to the next scheduled conference date on the mother's petition. The preliminary conference order dated September 15, 1994, which directs joint trial, shows that counsel for all of the parties were present in court on that date, raising the inference that the parties consented to a joint trial. In any event, we find no abuse of discretion in the court's subsequent denial of the boyfriend's severance motion (*see,* Family Ct Act § 165; CPLR 602 [a]), inasmuch as the two cases presented common questions of fact (*see, Fashion Tanning Co. v D'Errico & Farhart Agency,* 105 AD2d 1034; *Business Council v Cooney,* 102 AD2d 1001) and in light of the boyfriend's failure to demonstrate that a joint trial would result in substantial prejudice to him (*see, Fashion Tanning Co. v D'Errico & Farhart Agency, supra,* at 1034; *Business Council v Cooney, supra,* at 1001).

We turn next to the mother's arguments that Family Court's findings of abuse and neglect were not supported by a preponderance of the evidence and that the fact-finding order failed to satisfy the specificity requirements of Family Court Act § 1051 (a).

Paula Herman, a Child Protective Investigator, testified that she interviewed Amy on two occasions prior to her removal. During the first interview, Amy denied the allegations that Kelly had sexually abused her. However, during the second interview conducted outside the presence of the mother, Amy admitted having sex with Kelly since September 1993 and described having both intercourse and oral sex with him. April testified that Amy and Kelly slept in the same bedroom, that she had seen Amy and Kelly naked in bed together and that she and her younger brother Daniel had witnessed the two having sexual intercourse and oral sex on several occasions. April further testified that she told her mother a "couple of

times" that Amy and Kelly were having sexual relations, and that her mother stated she would try to catch them. The mother, however, did not prevent Kelly from sleeping in Amy's bedroom. Both Herman and April testified that Amy believed that Kelly was her boyfriend and Herman stated that Amy's school teacher found "love letters" from Amy to Kelly. April also testified that Kelly told her that "if I told, I wouldn't live to see my next birthday".

Thomas Ferretti, Police Chief of the Village of Trumansburg, testified that at the time of the removal he asked the boyfriend, "How could you and [the mother] allow Kelly to sleep in the same bedroom with Amy" and the boyfriend replied, "Well, they don't do it all the time. Just once in a while."

A person legally responsible for a child's care commits abuse under Family Court Act § 1012 (e) (iii) when he or she "allows" a sex offense to be committed against such child (*see, Matter of Grace VV.*, 206 AD2d 608, *lvs denied* 84 NY2d 809, 88 NY2d 807). Here, the proof shows that Kelly committed sexual offenses against Amy and that respondents "knew or should have known about it and did nothing to prevent it" (*Matter of Lynelle W.*, 177 AD2d 1008). Therefore, contrary to the mother's contentions, we find Amy's unsworn out-of-court statements to be sufficiently corroborated by the testimony of Herman, April and Ferretti (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Grace VV., supra*) so as to support Family Court's findings of *her* abuse by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b]; § 1012 [e] [iii]; *Matter of Nicole V.*, 71 NY2d 112, 117; *Matter of Scott X.*, 184 AD2d 866).

Furthermore, we note that proof of Amy's abuse is admissible on the issue of respondents' abuse or neglect of April and Daniel (*see*, Family Ct Act § 1046 [a] [i]). Such proof, standing alone, is not sufficient to establish a prima facie case of derivative abuse or neglect (*see, Matter of Rachel G.*, 185 AD2d 382). In reference to the finding of neglect, however, there was additional evidence that respondents continued to permit Kelly to stay in their home, and left the children alone in his care when they knew or should have known that he was sexually abusing Amy. This proof constituted neglect because it established that they endangered all of the children by their failure to exercise a minimum degree of care in providing them with proper supervision or guardianship (*see*, Family Ct Act § 1012 [f] [i] [B]; *Matter of Colleen CC.*, 232 AD2d 787, 789).

In reference to the finding of abuse of April and Daniel, this record does not contain sufficient proof. There is no direct evi-

dence of abuse of either April or Daniel (*see*, Family Ct Act § 1012 [e]), nor are the circumstances of this case susceptible to a finding of derivative abuse.

Addressing the argument that the fact-finding order failed to satisfy the specificity requirements of Family Court Act § 1051 (a), we note that a Family Court decision need not "refer to each specific allegation of abuse and neglect in the petition" (*Matter of Nassau County Dept. of Social Servs. v Steven K.*, 176 AD2d 326, 329). Here, the fact-finding order adequately stated Family Court's grounds for its findings of abuse and neglect of Amy as well as neglect of April and Daniel.

We have examined respondents' remaining contentions and find that they are either unpreserved for appellate review or lack merit.

Having concluded that the evidence is insufficient to support a finding that April and Daniel are abused, we are of the view that the appropriate remedy is to remit the matter to Family Court for the purpose of determining whether there is a need to reconsider the dispositional order previously entered in this matter.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as found April and Daniel to be abused; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.