■ Ann Nelson, Respondent, v William Lundy et al., Appellants. [750 NYS2d 130] —Carpinello, J. Appeal from an or-

der of the Supreme Court (Teresi, J.), entered October 4, 2001 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action and served defendants with a summons with notice, which identified the nature of the action as breach of contract. After defendants appeared, plaintiff served a four-paragraph complaint alleging that she was an owner of 45 Holstein cows in defendants' possession, defendants had sold milk and other products from the cows, defendants had refused her demands for an accounting and a return of the cows, and she had thereby sustained damages. Defendants' answer admitted that plaintiff was a registered co-owner of the cows (along with defendants and a third person), that the cows were in their possession and that they had sold milk and other products from the cows, but denied that defendants had ever met, spoken to or transacted any business with plaintiff. Defendants thereafter moved for dismissal of the complaint for failure to state a cause of action or summary judgment.

For the purposes of this appeal, we assume that the complaint states a cause of action and turn immediately to the summary judgment aspect of defendants' motion. Based upon plaintiff's representation that the nature of the action was breach of contract, defendants appropriately submitted an affidavit which focused on the existence of an agreement between the parties. Specifically, defendants alleged that they are co-owners of the cows, that they had no oral or written agreement of any kind with plaintiff and that any business transaction they had entered into regarding the cows was with a fourth co-owner, "the alleged boyfriend of the plaintiff," with no intent to benefit plaintiff. We conclude that these allegations were sufficient to demonstrate the absence of any agreement between the parties, thereby satisfying defendants' initial burden as the party seeking summary judgment and, thus, shifting the burden to plaintiff (see *Zuckerman v City of New York*, 49 NY2d 557, 562).

"The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to demonstrate that the matters alleged are real and capable of being established upon a trial" (*Couch v Schmidt*, 204 AD2d 951, 952 [citation omitted]). Plaintiff opposed defendants' motion only with an affidavit of her counsel who had no personal knowledge of the facts, which is patently insufficient to satisfy plaintiff's burden on such a motion (see *Ray v County of Delaware*, 239 AD2d 755, 757; *Del Giacco v Noteworthy Co.*, 175 AD2d 516, 517). As a result of plaintiff's

failure to assemble and lay bare her proof, the record is bereft of any facts regarding such matters as the nature and extent of plaintiff's interest in the cows, how she came to be registered as a co-owner and, most problematic, the nature of the relationship, if any, with defendants upon which she bases her claim of entitlement to possession of the cows and a share of the proceeds therefrom. Nor are there any facts to demonstrate that, although they are co-owners of the cows, defendants' exercise of dominion and control over the cows is unauthorized. These are clearly matters which ordinarily would be within plaintiff's personal knowledge and she has offered no excuse for her failure to submit any evidentiary proof in admissible form to demonstrate the existence of a material issue of fact with regard to her claim. Defendants are, therefore, entitled to summary judgment dismissing the complaint.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.