■ ANN NELSON, Respondent, v WILLIAM LUNDY et al., Appellants. [750 NYS2d 914] —Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 5, 2002 in Albany County, which, inter alia, joined this action for trial with an action pending in Washington County.

This action involves a dispute over certain livestock in the possession of defendants on their Washington County farm. On this appeal, defendants claim that this action was improperly joined for trial by Supreme Court with another action pending between the parties. We disagree. A brief factual recitation is warranted.

In February 2001, plaintiffs commenced this action in Albany County (hereinafter the Albany County action) for breach of contract. Some six months later, defendants commenced an ac-

tion in Washington County (hereinafter the Washington County action). The Washington County action asserts causes of action for breach of contract, unjust enrichment and defamation against plaintiff and her former boyfriend, Sam Kessler.[1] There is no dispute that these actions involve the same subject matter and similar legal issues.

Shortly before an April 4, 2002 conference in the Albany County action, Supreme Court was advised for the first time of the existence of the Washington County action. At the conference, the court logically made inquiry of the parties concerning the issue of joinder. Plaintiff's attorney argued that the cases should be consolidated. When defendants' attorney objected to consolidation on the ground that no written motion for such relief was pending, the court indicated that it was deeming the oral arguments on the matter as such a motion.[2] Defendants' attorney then argued against consolidation on substantive grounds. Supreme Court then decided to join for trial, without consolidation, the two actions.

Given this sequence of events, we simply disagree with defendants' characterization of the matter as being sua sponte "ordered" by Supreme Court (*see generally Matter of Amy M.*, 234 AD2d 854, 855). While the court may have been the first to raise the issue of joinder at the conference, it took the occasion to put the proceedings on the record, specifically advised counsel that the purpose of the proceeding was to consider joinder and provided both attorneys adequate opportunity to address the issue. Supreme Court properly deemed the arguments of plaintiff's counsel to be an oral application for such relief, a procedure entirely appropriate under these circumstances.

Even though we find no abuse of discretion by Supreme Court in joining these actions for trial, we note that this Court has since dismissed the Albany County action (298 AD2d 689). In light of our recent decision, we will remit the case to Supreme Court for reconsideration of the matter based on these changed circumstances.

---

1. The Washington County action also sought a declaration of a lien on the livestock with satisfaction of the lien by foreclosure or partition.

2. Notably, no objection to consolidation was made on the ground now asserted by defendants' attorney, i.e., that she was being denied the opportunity to make a complete appellate record or that she was unprepared to argue the point that day. To be sure, any argument that defendants' attorney was somehow surprised by this issue, and thus prejudiced by its resolution at the conference, is not well taken since the issue of consolidating these cases had previously been raised *by defendants* in the Washington County action. Specifically, defendants had unsuccessfully moved to consolidate these actions, albeit with venue placed in Washington County.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.