In the Matter of DANIEL D. and Another Children Alleged to be Neglected. JOHN D., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [870 NYS2d 287]—

The preponderance of the credible evidence supports the finding, made after a hearing (*see Matter of Tammie Z.,* 66 NY2d 1 [1985]), that respondent subjected his two young children to emotional harm (*see Nicholson v Scoppetta,* 3 NY3d 357, 370 [2004]) by encouraging them to make false allegations against their maternal grandfather that resulted in repeated and distressing interviews and medical examinations, and by engaging in a campaign to alienate the children from their mother (*see Matter of Ramazan U.,* 303 AD2d 516, 517 [2003]). Respondent's decision not to testify allowed the court "to draw the strongest negative inference" against him (*Matter of Devante S.,* 51 AD3d 482 [2008] [internal quotation marks omitted]). Supreme Court properly consolidated this child protective proceeding with the divorce/custody action pending before it given its extensive familiarity with the many common factual and legal issues (*see e.g. Paul B. S. v Pamela J. S.,* 70 NY2d 739 [1987]; *Kosovsky v Zahl,* 52 AD3d 305, 305 [2008]). It was not a violation of CPLR 603 for the court to order consolidation on its own initiative and without a motion having been made, where

the court gave all parties an opportunity to be heard (*see Nelson v Lundy*, 300 AD2d 967, 968 [2002]). We have considered respondent's other arguments and find them without merit. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.