■ Suzanne Dodson, Respondent, v John Dodson, Appellant. [909 NYS2d 68]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 24, 2008, which, inter alia, awarded legal and primary residential custody of the parties' two children to plaintiff mother, and order, same court (Laura E. Drager, J.), entered May 5, 2009, which modified respondent father's access schedule to withdraw the provision for Tuesday overnight access, unanimously affirmed, without costs.

The determination that an award of custody to plaintiff is in the best interests of the children is amply supported by the record (*see Matter of Darlene T.*, 28 NY2d 391, 395 [1971]), which shows that, the prior neglect finding notwithstanding (*see Matter of Daniel D. [John D.]*, 57 AD3d 444 [2008], *lv dismissed* 12 NY3d 906 [2009]), respondent does not appreciate the extent of the emotional harm that his conduct caused the children, he has continued to seek to alienate the children from plaintiff, and he remains unable to distinguish between his own interests and those of the children (*see Bliss v Ach*, 56 NY2d 995 [1982]; *David K. v Iris K.*, 276 AD2d 421, 422 [2000]).

The record demonstrates that respondent was given notice and an opportunity to be heard regarding the withdrawal of the Tuesday overnight access provision.

Respondent's argument that the court lacked authority to consolidate a neglect proceeding with the underlying custodial action was litigated and decided adversely to him (*see* 57 AD3d 444 [2008]) and is therefore precluded by the doctrine of res judicata (*Matter of Josey v Goord*, 9 NY3d 386, 389 [2007]).

We have considered respondent's remaining arguments and find them without merit. Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.