■ WILLIAM E. WASSON et al., Respondents, v RUTH BOND, Appellant. [914 NYS2d 920]—

Rose, J. Appeals (1) from an order of the Supreme Court (Burns, J.), entered November 19, 2009 in Otsego County, which, in an action pursuant to RPAPL article 15, granted plaintiffs' motion to preclude defendant from introducing certain deeds as evidence that defendant had acquired fee simple title to certain real property, and (2) from a judgment of said court, entered January 6, 2010 in Otsego County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action pursuant to RPAPL article 15 to compel a determination of their claim to a disputed parcel of real property located in the Town of Otsego, Otsego County. Defendant answered, asserting that she became the owner in fee of the disputed parcel by virtue of quit claim deeds from Southern New York Railway, Inc. and, prior thereto, she had acquired title by adverse possession. When plaintiffs moved for summary judgment, Supreme Court (Coccoma, J.) expressly found that defendant did not acquire a fee title to the disputed parcel, but denied the motion on the ground that there were material issues of fact as to whether defendant acquired title by adverse possession. Plaintiffs later moved in limine to preclude defendant from introducing the quitclaim deeds into evidence at

trial, and Supreme Court (Burns, J.) granted the motion on the ground that the fee title issue had already been determined against defendant in the earlier order and it was the law of the case. Following a jury trial, a judgment in plaintiffs' favor was entered.

Defendant appeals,* contending that the earlier motion for summary judgment had been denied in all respects and, therefore, the subsequent motion in limine was improperly treated as a motion to reargue the earlier motion. We disagree. Supreme Court correctly construed the express language of the earlier decision and order, and relied on the doctrine of law of the case in concluding that the legal issue of the effect of the quitclaim deeds had already been resolved against defendant. Thus, the court properly limited defendant's proof to the sole issue of adverse possession (see CPLR 3212 [g]; see also Siewert v Loudonville Elementary School, 210 AD2d 568, 569 [1994]). To the extent that defendant argues that the court improperly relied on the prior order in that it was made without the benefit of the affidavit of defendant's title examiner, we note that defendant was required to lay bare her proof in opposition to the earlier motion for summary judgment (see Johnson v Title N., Inc., 31 AD3d 1071, 1072 [2006]; Nelson v Lundy, 298 AD2d 689, 690 [2002]).

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeal from the order is dismissed. Ordered that the judgment is affirmed, with costs.

* Defendant's appeal from the nonfinal order must be dismissed as her right to appeal said order terminated upon entry of the final judgment (see Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1175 [2008]). However, defendant's appeal from the final judgment brings this order up for review (see id.).