Malone Jr., J.
In March 2011, plaintiffs commenced this action against defendants alleging various trespasses that purportedly caused damage to plaintiffs’ property. In July 2011, defendants answered and alleged in a counterclaim that defendant Ruth Bond acquired title to plaintiffs’ property in June 2011 by virtue of a deed executed by Southern New York Railway Inc. (hereinafter the railway). Plaintiffs moved to dismiss the counterclaim on the basis that, during the course of prior litigation, it had been determined that plaintiffs’ predecessors in interest held valid title to the disputed property (see Wasson v Bond, 80 AD3d 1114 [2011]).* Supreme Court granted plaintiffs’ motion and defendants appeal.
Supreme Court properly dismissed defendants’ counterclaim as barred by res judicata and collateral estoppel inasmuch as the issue of the ownership of the disputed property was previously raised, fully litigated and adjudicated by Supreme Court adversely to Bond (see generally Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; See Why Gerard, LLC v Gramro Entertainment Corp., 94 AD3d 1205 [2012]). Although defendants now assert that Bond had obtained title to plaintiffs’ property by virtue of a deed executed by the railway in June 2011, that deed essentially mirrors the deeds executed by the railway in 2005 and 2006 that purported to convey the railway’s alleged interest in the property to Bond, and those deeds were previously determined to be “ineffectual to vest in Bond any title or interest in the [property].” Indeed, it was decided by the court in the prior litigation that the railway’s chain of title includes only a right-of-way over the disputed parcel, and the railway never held a fee title interest in it. Thus, no deed executed by the railway can be effective to convey fee title to Bond. Contrary to defendants’ contention, the fact that the railway was not a party to the prior action does not mandate a different result inasmuch as the court previously determined that the claim of ownership asserted by plaintiffs’ predecessors in interest defeated any possible claim of ownership by the railway, as was asserted by Bond in the prior litigation, and it *1095 cannot be said that the railway’s interests were not adequately represented by Bond in the prior action (see Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]; Israel v Wood Dolson Co., 1 NY2d 116, 118-120 [1956]).
To the extent not specifically addressed, defendants’ remaining contentions have been considered and found to be without merit.
Rose, J.E, Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 At the time of the prior litigation, plaintiffs’ parents, William Wasson and Jacqueline Wasson, owned the property at issue. Plaintiffs acquired title to the property from their parents in June 2010.