*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    521052
_____

DAVID WASSON et al.,
                    Respondents,

          v                              MEMORANDUM AND ORDER

RUTH BOND et al.,
                    Appellants.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

                         _____


          Kernan & Kernan, PC, Utica (Gregory A. Hamlin of counsel),
for appellants.

          Cohen & Cohen, LLP, Utica (Daniel S. Cohen of counsel), for
respondents.

                         _____


Devine, J.

          Appeal from a judgment of the Supreme Court (Burns, J.),
entered July 24, 2014 in Otsego County, which, upon reargument,
among other things, granted plaintiffs' motion for partial
summary judgment.

          Plaintiffs and defendant Ruth Bond own adjacent parcels of
real property in the Town of Otsego, Otsego County and, over the
years, disputes related to the properties have repeatedly
required judicial intervention to resolve (see Wasson v Bond, 97
AD3d 1093 [2012]; Wasson v Bond, 80 AD3d 1114 [2011]).
Plaintiffs commenced this action in 2011 and alleged, as is
relevant here, that defendants trespassed upon their property by
installing a sewer line under it.  Issue was joined and, in 2013,
plaintiffs moved for partial summary judgment on the sewer line

claim.  Defendants responded with the affidavit of defendant Wesley Dousharm, who installed the sewer line in 2002 and stated that the then-owner of plaintiffs' property was aware of the installation and never objected to it.  Defendants further asserted that the original sewer line was abandoned in 2013 when a new sewer line was installed that does not traverse plaintiffs' property.  Supreme Court denied the motion, finding that questions of fact existed as to whether the prior owner acquiesced to the presence of the original sewer line.

Plaintiffs thereafter moved for reargument and/or renewal, taking the position that the original sewer line "was no longer an issue" given the construction of the new sewer line and arguing that any acquiescence to the original line did not extend to the installation of the new one.  Plaintiffs further claimed that, contrary to the assertion of defendants, the new sewer line traversed their property.  Supreme Court granted reargument, finding that the claim of acquiescence was irrelevant to the installation of the new sewer line and that the new line crossed plaintiffs' property, and upon reargument, granted plaintiffs' motion for partial summary judgment.  Defendants subsequently moved, unsuccessfully, for reargument.  They now appeal from the judgment entered upon the order granting, after reargument, summary judgment to plaintiffs, the enforcement of which was stayed by Supreme Court pending appeal.

Defendants do not directly challenge the grant of reargument and argue that Supreme Court erred in granting, upon reargument, plaintiffs' motion for partial summary judgment. Nevertheless, the grant of reargument was "so at variance with the intent of [CPLR 2221] as we conceive it to be, that we feel justified in" reversing the appealed-from judgment on that issue (Matter of Industrial Commr. v Underwood Elliott Fisher Co., 245 App Div 347, 347 [1901]).

The complaint asserts a trespass claim with regard to the original sewer line, and plaintiffs moved for partial summary judgment with regard to that claim.  During the pendency of the summary judgment motion, defendants abandoned the original sewer line and installed a new one.  Supreme Court denied plaintiffs' motion on the ground that questions of fact existed as to the

viability of the actual claim involving the original sewer line, prompting plaintiffs to move for renewal and/or reargument. "[A] motion to reargue is not available to advance a new theory of liability, or to present arguments different from those originally asserted" (Blair v Allstate Indem. Co., 124 AD3d 1224, 1224-1225 [2015]; see DeSoignies v Cornasesk House Tenants' Corp., 21 AD3d 715, 718 [2005]), but plaintiffs did just that in their motion for reargument, arguing that the installation of the original "[s]ewer [l]ine was no longer an issue" and that the alleged trespass caused by the new sewer line justified a grant of summary judgment. Supreme Court accordingly abused its discretion in granting reargument based upon the presence of the new sewer line, a claim that was not raised by plaintiffs in either their original motion for summary judgment or their complaint (see DeSoignies v Cornasesk House Tenants' Corp., 21 AD3d at 718; compare Fox v Schrader Corp., 36 AD2d 591, 591 [1971]).

Plaintiffs also moved for renewal as well as reargument, pointing to "new facts not offered on the prior motion that would [purportedly] change the prior determination" (CPLR 2221 [e] [2]; see Hyman v Schwartz, 127 AD3d 1281, 1285 [2015]). The specific fact noted by plaintiffs was that the prior owner of their property was dead, prompting them to argue that any testimony by defendants regarding his acquiescence to the installation of the original sewer pipe would be barred by the Dead Man's Statute (see CPLR 4519). This assertion overlooks the rule that evidence excludable at trial under the Dead Man's Statute may nevertheless be used to defeat a motion for summary judgment (see Estate of Kingston v Kingston Farms Partnership, 130 AD3d 1464, 1466 [2015]; Estate of Goth v Tremble, 59 AD3d 839, 841 [2009]). Supreme Court properly noted, in any event, that proof regarding the acquiescence issue was only relevant to the question of whether the installation of the original sewer line constituted a trespass, a question that plaintiffs viewed as moot given the installation of the new sewer line. It is apparent that, under these circumstances, Supreme Court would not have changed its determination on the underlying summary judgment motion had it known of the prior owner's death (see CPLR 2221 [e] [2]). In light of the foregoing, we do not address whether questions of fact exist with regard to the claim that was actually asserted by

plaintiffs in their complaint and raised in their motion for partial summary judgment, namely, whether the placement of the original sewer line constituted a trespass.

McCarthy, J.P., Rose and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, with costs, and plaintiffs' motion for reargument and/or renewal denied.

ENTER:

Robert D. Mayberger
Clerk of the Court